In the Matter of the Application of Leo M. Topoozian, Respondent, for a Mandamus Order against James F. Geraghty, as Commissioner of Licenses of the City of New York, and Others, Appellants.

Samuel Polansky, Licensee, Appellant.

Second Department, November 13, 1933.

*Vine H. Smith* [*Arthur J. W. Hilly, Corporation Counsel, Sidney Schatkin* and *J. Joseph Lilly* with him on the brief], for the appellants Geraghty and others.

*Henry E. Stohldreier,* for the appellant Samuel Polansky.

*A. Paul Loshen,* for the respondent.

Per Curiam. The peremptory mandamus order should be modified (1) in so far as it directs the commissioner of licenses to revoke the license issued to Samuel Polansky on or about April 20, 1933, by providing that it be revoked to the extent that it licenses a stand for the sale of vegetables; (2) in so far as it directs that the

president of the borough of Queens remove the stand occupied by Polansky, by directing the president of the borough of Queens to remove such stand to the extent that it is used for the sale of vegetables and to the extent that it exceeds four feet in depth from the building line and ten feet in width. The part of the order which directs that the police commissioner remove the stands and abate the nuisance should be reversed on the law and the facts and the motion to that extent denied. The order so modified, except that part which is reversed, should be affirmed, without costs.

Section 50 of the Greater New York Charter grants power to the board of aldermen to permit the erection of stands within stoop lines for the sale of newspapers, periodicals, fruits and soda water, cigars, cigarettes, tobaccos, candies and confectionery articles, with the consent of the owner of the premises, and under certain limitations not here applicable.

Subdivision 2 of section 149 of article 13 of chapter 23 of the Code of Ordinances, adopted by the board of aldermen, permits stands within stoop lines, with the consent of the owner of the abutting premises, for the sale of newspapers, periodicals, *fruits*, soda water, cigars, cigarettes, tobacco, candies, confectionery articles and the blacking of boots, and limited in a way not here applicable. Licenses therefor are to be issued by the commissioner of licenses, subject to certain exceptions not here applicable. It thus appears that there is no authority to permit stands for the sale of vegetables. (*Weisberg* v. *Eilenberg*, 192 App. Div. 194.)

Subdivision 6 of section 149 provides: " Every stand, other than a stand or booth under the stairs of an elevated railway station, must be strictly within the *stoop line*, and shall not be an obstruction to the free use of the sidewalk by the public. It shall not exceed the space of 10 feet long by 4 feet wide."

No definition of " stoop line " is found in the ordinances now in force. Subdivision 4-b of section 170 of article 9 of chapter 5 of the Code of Ordinances, cited by respondent, has no application here.

Section 167 of article 14 of chapter 23 of the Code of Ordinances, repealed December 28, 1915, provided: " No person shall construct or continue to use any platform, stoop or step in any street which shall extend more than one-tenth part of the width of the street, nor more than 7 feet, nor with any other than open backs or sides or railings, nor of greater width than is necessary for the purpose of a convenient passageway into the house or building, nor any stoop or step which shall exceed 5 feet in height."

It seems that upon repeal of this definition of a " stoop line," no new definition was adopted, but the use of the term " stoop line "

has been continued. It is fair, therefore, to assume that the " stoop line," as it was before the repeal of this section, is the one that is meant in the present ordinances. In view of the width of the street here involved, a stand four feet wide does not trespass upon the stoop line.

Section 186 of article 15 of chapter 23 of the Code of Ordinances has no relation whatsoever to the duties of the borough president in connection with the matter under consideration.

To the extent that the license permitted the erection and use of a stand four feet by ten feet for the sale of fruits, it was valid; but invalid as to the sale of vegetables. The discretionary power to issue an order of mandamus should not be exercised against the police in a case such as this.

Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

Peremptory mandamus order modified (1) in so far as it directs the commissioner of licenses to revoke the license issued to Samuel Polansky on or about April 20, 1933, by providing that it be revoked to the extent that it licenses a stand for the sale of vegetables; (2) in so far as it directs that the president of the borough of Queens remove the stand occupied by Polansky, by directing the president of the borough of Queens to remove such stand to the extent that it is used for the sale of vegetables and to the extent that it exceeds four feet in depth from the building line and ten feet in width. The part of the order which directs that the police commissioner remove the stands and abate the nuisance is reversed on the law and the facts and the motion to that extent denied. The order so modified, except that part which is reversed, is affirmed, without costs.