The Walgreen Company, Appellee, *vs.* Leo W. Lenane, Mayor, Appellant.—(The United Cigar Stores, Inc., Appellee, *vs.* Leo W. Lenane, Mayor, Appellant.)

*Opinion filed June 17, 1936.*

John T. Inghram, Jr., and John T. Reardon, for appellant.

George E. Arthur, and Carl G. Schmiedeskamp, (George R. Faust, of counsel,) for appellees.

Mr. Justice Farthing delivered the opinion of the court:

In each of these cases, which have been consolidated for hearing, the appellee applied for a retail liquor dealer's license to the appellant, Leo W. Lenane, mayor of the city of Quincy, who was by virtue of the statute (Ill. State Bar Stat. 1935, chap. 43, par. 18; 43 S. H. A. 111;) the local liquor control commissioner. The licenses were refused and the appellees filed *mandamus* suits in the circuit court of Adams county against the appellant to compel him to issue the licenses. The appellant filed motions to dismiss

the petitions. The court overruled his motions, ordered the writs of *mandamus* issued as prayed, and these two appeals followed. The cases present identical issues and will be treated as one cause.

The petitions alleged that the appellees had filed their applications for licenses and had showed compliance with all statutory requirements. The appellant refused the licenses on the ground that there was in force in Quincy ordinance No. 944, which, in effect, required a corporation to either have its home office there or that a majority of its stockholders must live there to entitle such corporation to be licensed. It was alleged that the ordinance was contrary to the statutes of this State, of the fourteenth amendment to the constitution of the United States and of section 2 of article 2 of the State constitution. The petitions negatived in detail each fact contained in the act referred to, which bars persons from obtaining such license.

Under our holdings in *People* v. *City of Rockford,* 354 Ill. 377, and *People* v. *Potts,* 264 id. 522, the appellant's contention that *mandamus* will not lie in this case must be overruled. In *City of Fairfield* v. *Pappas,* 362 Ill. 80, we held that the only powers municipalities have to control the retail liquor business are conferred by the Liquor Control act of 1934, cited above. Article 4 of that act grants to cities power, by general ordinance or resolution, to determine the number, kind and classification of licenses for sale of alcoholic liquor at retail, if such ordinance is not inconsistent with the act, and power to fix the amount of fees to be paid for the respective kinds of licenses, and it empowers cities to establish such further regulations and restrictions upon the issuance of and operation under local licenses which are not inconsistent with the act and are required by the public good and convenience. It is clear from section 2 of article 6 of the act that the legislature intended that corporations which conform to the statutory requirements shall be licensed. That section reads in part as fol-

lows: "No license of any kind issued by the department or any local commission shall be issued to * * * (10) a corporation, if any officer, manager or director thereof, or any stockholder or stockholders owning in the aggregate more than five per cent· (5%) of the stock of such corporation, would not be eligible to receive a license hereunder for any reason other than citizenship and residence within the political subdivision." The ordinance contravenes the statute by attempting to place further restrictions on the licensing of corporations contrary to those expressly stated in this act.

Since the ordinance is void for the above reason it is not necessary to discuss the constitutional questions presented.

The judgments of the trial court are right and are affirmed.

*Judgments affirmed.*