A. R. BODKIN v. STATE OF NEBRASKA.

272 N. W. 547

FILED APRIL 8, 1937.   No. 29918.

*Bruce Fullerton,* for plaintiff in error.

*William H. Wright, Attorney General, Loren H. Laughlin, George A. Piper* and *H. B. Porterfield, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

In a prosecution by the state in the municipal court of the city of Lincoln, A. R. Bodkin, defendant, was convicted of selling intoxicating liquor to a minor in violation of a city ordinance. Upon appeal to the district court he was found guilty of the same offense and sentenced therefor. The record of his conviction was presented to the supreme court for review.

In an elaborate brief and in an oral argument at the bar the sentence of the district court was challenged as erroneous on the asserted ground that the ordinance under which defendant was convicted is invalid as being inconsistent with provisions of the Constitution and state statutes. The ordinance assailed provides:

"No person shall, within the city, sell or give any alcoholic liquors to, or procure any such liquor for, or permit the sale or gift of any such liquor to, or the procuring of any such liquor for, any minor or any person who is mentally incompetent or any person who is physically or mentally incapacitated due to the consumption of such liquors." Municipal Code, 1936, sec. 19-203.

The state statute on the same subject reads thus:

"No person, who holds a license to sell alcoholic liquors as a retailer, manufacturer or distributor, shall permit the sale or gift to, or procuring for, any such liquors to any minors, to any person who is mentally incompetent, or to any person who is physically or mentally incapacitated due to the consumption of such liquors, knowing them to be such." Comp. St. Supp. 1935, sec. 53-338.

The city of Lincoln is governed by a home rule charter adopted under a constitutional grant which permitted it to "frame a charter for its own government, consistent with and subject to the Constitution and laws of this state." Const. art. XI, sec. 2. The home rule charter itself grants municipal power "To make all such ordinances, by-laws,

rules and regulations not inconsistent with the laws of the state as may be expedient, in addition to the special powers in this article enumerated, maintain the peace, good government, and welfare of the city." Home Rule Charter, art. 2, sec. 50.

The statute makes it unlawful for a licensee to sell alcoholic liquors to minors "knowing them to be such" and the ordinance provides that "No person shall, within the city," sell any alcoholic liquors to minors. Does the difference between sales to minors "knowing them to be such" and "sales to minors" amount to such an inconsistency as to make the ordinance void? Both prohibitions are legislative in character. Neither Constitution nor statute contains a direct prohibition against the enactment of an ordinance forbidding the sale of intoxicating liquor to a minor whether known to be such or not. In Lincoln, a populous educational center, where throngs of students attend school, many of them minors away from parental care in a new environment, the city lawmakers were prompted to adopt a stricter regulation than that provided by statute for the protection of minors generally from the sale of intoxicating liquors. On this subject the public policy of the state and the city is the same. The evils against which the legislation is directed are the same. The legislative purposes do not differ. The protection of minors from dangers of intoxicating liquors and from the traffic therein is the worthy aim of the lawmakers in both jurisdictions. Minors are wards of the state. In their welfare the government is interested. *Geary v. Geary,* 102 Neb. 511, 167 N. W. 778. They are entitled to governmental protection. *State v. Young,* 121 Neb. 619, 237 N. W. 677. Power to legislate in their behalf has been committed by law to the municipality as shown by the home rule charter of Lincoln. The duty of the court to harmonize state and municipal legislation if permissible in view of all enactments on the same subject has always been recognized. The words "consistent" and "inconsistent," appearing in the Constitution or statutes under consideration, are used in a sense applicable to legislation. "Incon-

sistent" in that connection means contradictory in the sense of legislative provisions which cannot coexist, not mere lack of uniformity in detail. *City of Mobile v. Collins,* 24 Ala. App. 41, 130 So. 369. In this interpretation the city ordinance is not inconsistent with the Constitution or statutes. Having reached this unanimous conclusion on the question considered, there is no reversible error apparent in the proceedings and judgment below.

AFFIRMED.