Gorman, J.
 

 Section 6064-17, General Code, authorizes the state Board of Liquor Control to issue not more than one D-3, D-4 or D-5 permit for each two thousand population or part thereof.
 

 • The ordinance of the city of East Cleveland restricts licenses for permits to one
 
 for every thirty-five hundred of population.
 
 If the ordinance prevails the relator was not entitled to a writ, while if the statute is controlling it is conceded that he was.
 

 Under the provisions of Article XVIII, Section 3, of the Ohio Constitution, while municipalities have authority “to adopt and enforce within their limits such local police, sanitary and other similar regulations,” it is specifically provided that such regulations must not be “in conflict with general laws.”
 

 “In determining whether an ordinance is in ‘con
 
 *53
 
 flict’ with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.”
 
 Village of Struthers
 
 v.
 
 Sokol,
 
 108. Ohio St., 263, 140 N. E., 519. Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits. The ordinance of the city of East Cleveland is clearly in conflict with Section 6064-17, General Code, when its operative effect is considered.
 

 For illustration, according to the federal census of 1930, the city of East Cleveland had a population of 39,667. Under the provision of the statute not more than twenty permits could be granted by the Board of Liquor Control. The discretion to grant permits up to that number was vested in the Board of Liquor Control. This ordinance in question seeks to restrict that discretion, and limit the permits to be issued in East Cleveland to eleven.
 

 The Legislature vested in the Board of Liquor Control the power to determine the number of permits to be issued in any county, city or village, within the limitations prescribed by Section 6064-17, General Code, and did not grant to any municipality the power by ordinance to curb that discretion, in so far as the number of permits to be issued is concerned. The provision of the ordinance which seeks so to do is in conflict with Section 6064-17, General Code, and' under Article XVIII, Section 3, of the Ohio Constitution, is invalid.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Wilt.tams and Myers, JJ., concur.