NOBLE R. STEVES, PETITIONER FOR MANDAMUS,

*vs.*

FREDERICK ROBIE.

FRASER & WALKER, INC., PETITIONER FOR MANDAMUS,

*vs.*

FREDERICK ROBIE.

Kennebec.    Opinion, March 30, 1943.

*Locke, Campbell & Reid,* by *Herbert E. Locke,*

*Arthur A. Hebert,*

*Horace P. Moulton,* of Boston, for the petitioners.

*Frank I. Cowan,* Attorney General,

*Neal Donahue,* Assistant Attorney General, for the respondent.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J.   Two cases are presented to the Court upon the same briefs, for the reason that the issues to be decided are identical. For convenience of expression, the two cases may be considered as one in our discussion. The cause comes to this Court upon exceptions to the denial of a writ of mandamus by the sitting Justice.

The petitioner, a resident of Massachusetts, applied to the respondent, in his capacity as Secretary of State for the State of Maine, for the registration of a motor truck, which was to some extent to be operated in the State of Maine. He claimed that he was entitled, as a matter of law, to registration without payment of an excise tax, by reason of R. S., Chap. 12, Sec. 90, as amended, and Chap. 29, Sec. 40, as amended.

The respondent, in his said capacity, claimed that by reason of Public Laws of 1937, Chap. 152, amending R. S., Chap. 12, Sec. 92, as a matter of law, he was forbidden to issue registration without payment of the excise tax. Upon refusal to grant the registration, the applicant sought a writ of mandamus. The alternative writ was issued and the respondent made return thereto. The first defense pleaded in the return is that the petitioner is not entitled to the peremptory writ, in that R. S., Chap. 29, Sec. 46, provided him with an appropriate and exclusive remedy. The chapter, known as "Motor Vehicle Law," covers the general subject of registration and operation of motor vehicles, and the section reads as follows:

"If any person is aggrieved by the decision of the secretary of state in revoking or suspending a license or certificate of registration or by the refusal of the secretary of state to issue a license or certificate of registration, he may within ten days thereafter appeal to any justice of the superior court, by presenting to him a petition therefor, in term time or vacation. Such justice shall fix a time and place for hearing, which may be in vacation, and cause notice thereof to be given to the secretary of state; and after hearing such justice may affirm or reverse the decision of the secretary of state and the decision of such justice shall be final. Pending judgment of the court, the decision of the secretary of state in revoking or suspending any license or certificate of registration shall remain in full force and effect."

The petitioner, in accordance with the procedure set forth in R. S., Chap. 116, Sec. 18, traversed the respondent's allegation that he was restricted to the statutory remedy and, in turn, the respondent joined issue. This issue must be decided before we pass to the consideration of other questions raised, inasmuch as the Court, in this proceeding, has authority to pass upon such other questions only if mandamus is a proper remedy for the plaintiff to invoke.

The writ of mandamus is of ancient origin. It came into being as an extraordinary writ, to cover situations wherein justice could not be had by resort to the ordinary common-law actions. Originally, it was strictly a writ of prerogative, issued only at the discretion of the Court, and not as of right. This statement, however, does not accurately apply at the present time. It is true that it issues upon the sound discretion of the Court, but this is not an arbitrary discretion; it is judicial discretion, and where there is a right, and the law has established no specific remedy, this writ should issue as a matter of law. *Proprietors of St. Lukes Church* v. *Slack, et als.*, 7 Cush., 226; *Elmer* v. *Com. of Ins.*, 304 Mass., 194, 199, 23 N. E., 2d, 295.

Defining the proper scope of the writ, Chitty says, in his General Practice, Vol. 1, 791:

"And in general to induce the court to interfere, there must be not only *a specific legal right,* but also the *absence* of any other *specific legal remedy,* in order to found an application for a mandamus."

This rule has been universally followed. *Ex parte Park Square Automobile Station, Pet.,* 244 U. S., 412, 37 S. Ct., 732, 61 Law. Ed., 1231; *Amory, et als.* v. *Assessors of Boston,* 306 Mass., 354, 28 N. E., 2d, 436; *Baines* v. *Zemansky,* 176 Cal., 369, 168 P., 565; *Matter of Burr* v. *Voorhis,* 229 N. Y., 382, 387, 128 N. E., 220; *Rowe* v. *Border City Garnetting Co.,* 40 R. I., 394, 101 A., 223. This is the accepted law in the State of Maine. *Baker* v. *Johnson,* 41 Me., 15; *Dennett* v. *Manufacturing Co.,* 106 Me., 476, 76 A., 922.

The Courts have been unwilling to extend the operation of the writ and its use has been kept within its own narrow limits. *State, ex rel.* v. *Foland,* 191 Ind., 342, 349, 132 N. E., 677. In the *Baker* v. *Johnson* case, at p. 20, our Court showed its unwillingness to relax the rule in the following language:

"It cannot be granted to give an easier or more expeditious remedy but only where there is no other remedy, being both legal and specific. Tapping's Mandamus, 18."

This rule is made more certain by the principle that, when there has been incorporated in a statute dealing generally with a subject matter, a remedy for its infraction, the remedy so provided will be regarded as exclusive. *Stoddard* v. *Public Utilities Comm.*, 137 Me., 320, 19 A., 2d, 427; *School Committee of Lowell* v. *Mayor*, 265 Mass., 353, 164 N. E., 91. The rule is particularly applicable in the present case, inasmuch as the right to use the highways for business is not inherent or vested but in the nature of a special privilege which the State, through the Legislature, may condition, restrain, extend or prohibit. *Chapman* v. *City of Portland*, 131 Me., 242, 160 A., 913; *State* v. *Mayo*, 106 Me., 62, 75 A., 295, 26 L. R. A., N. S., 502, 20 Ann. Cas., 512; *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass., 95, 126 N. E., 456; *Packard* v. *Banton*, 264 U. S., 140, 44 S. Ct., 257, 68 Law. Ed., 596. Registration is for the purpose of exercising such control and the certificate of registration constitutes a license to operate in accordance with such conditions as are imposed. Such license is a privilege and in no sense a contract or property, *In re Stanley*, 133 Me., 91, 174 A., 93; *Burgess* v. *Mayor & Aldermen*, supra, and the State may make such rules for its issuance as it may deem proper. Rugg, C. J., said in *Burgess* v. *Mayor & Aldermen*, supra, "The rights of a licensee can rise no higher than the terms of the statute or ordinance by which he became the holder." By analogy, it may be said that an applicant for a privilege created and existing by a statute cannot disregard the procedure designated for its issuance by the statute.

The Legislature intended to provide to the applicant who may feel himself aggrieved by the decision of the Secretary of State, a method of obtaining judicial determination of the correctness of that decision, and further intended that this method should be exclusive. This was within the province of the Legislature. We believe, however, that it intended that the method provided should be simple, expeditious, adequate and sufficient; one that would not be disadvantageous to the applicant as compared to the writ of mandamus. We think it did

so. The process provided is by petition, the simplest judicial procedure known to our courts. It has none of the technicalities attendant upon the ordinary common-law processes and is limited in the promptness with which the remedy may be had, only by the principle that the procedure must be according to due process of law. The appellate tribunal designated is one particularly adapted to and competent for the determination of factual and legal questions and it is continuously available.

Our decisions, defining the remedy that will preclude the issue of the writ, have used the words, "adequate and sufficient." *Dennett* v. *Manuf. Co.*, supra.

It follows that not only did the Legislature exercise its right to provide an exclusive method of appeal from the decision of the Secretary of State but that the method provided was one well suited for the purpose and not in any way disadvantageous to the applicant.

We therefore have no right to establish a precedent for disregarding a rule so clearly defined and consistently followed in judicial decisions. *Ex Parte Park Square Automobile Station, Pet.*, supra. In delivering the opinion that the Court had no power to issue the writ of mandamus in place of express remedial processes created by the statute, Chief Justice White said, at p. 414, 244 U. S.:

> "It is not disputable that the proposition thus relied upon is well founded and hence absolutely debars us from reviewing by mandamus the action of the Court below complained of, whatever may be our conviction as to its clear error. *Ex parte Harding*, 219 U. S., 363." (31 S. Ct., 324, 55 Law. Ed., 252, 37 L. R. A., N. S., 392.)
>
> The sitting Justice was correct, as a matter of law, in denying the writ.
>
> In each case, the entry will be,

*Exceptions overruled.*