PHELPS INCORPORATED, A CORPORATION, ET AL., APPELLEES,
v. CITY OF HASTINGS, A MUNICIPAL CORPORATION, ET AL.,
APPELLANTS.

42 N. W. 2d 300

Filed April 13, 1950. No. 32726.

*Albert P. Madgett,* for appellants.

*Stiner & Boslaugh,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a suit for an injunction to enjoin the enforcement of an ordinance of the city of Hastings which by its terms prohibited the sale at retail of beer and alcoholic liquors other than beer in the original packages for use off the premises in the same room or location. A demurrer to the petition was overruled, and the defendants electing to stand thereon, the trial court entered an order permanently enjoining the defendant city and its officers from enforcing the ordinance in question against the plaintiffs. The defendants appeal.

The plaintiffs are holders of "Class D" licenses issued under the provisions of subdivision (5) D, section 53-124, R. S. 1943. This provision states that the fees for annual licenses finally issued by the commission shall be as follows: "Alcoholic liquors, including beer, regardless of alcoholic content, within the corporate limits of cities and villages, for consumption off the premises (sales in the original packages only), the sum of one hundred and fifty dollars; * * *." The plaintiffs contend that the provisions of this and other sections of the Liquor Control Act sustain their contention that beer and alcoholic liquors other than beer may be sold by them in the same room.

The ordinance of the city of Hastings upon which the defendants rely provides as follows: "It shall be unlawful for any person or persons, holding a license to sell beer at retail 'off sale' and alcoholic liquors other than beer in the original package, at retail, to sell or keep the same for sale at retail in the same room or on the same premises. It shall be unlawful for any person or persons holding a license or licenses for the sale at retail of beer 'on sale' and of alcoholic liquors other than beer in the original package, to sell, or keep for sale the same at retail, except in separate and distinct rooms or premises.

Rooms or premises shall be deemed separate and distinct only when located in buildings which are not adjacent, or when so separated by walls or partitions that access can not be had directly from one to the other by means of doors or other openings."

The only question to be determined is whether or not the ordinance is valid and enforcible. It is the contention of the defendants that the power to regulate the sale of beer lies in the city, under the express delegation of authority to so do in section 53-147, R. S. 1943, one of the sections of the Liquor Control Act. This section provides: "The governing bodies of cities and villages are hereby authorized to regulate by ordinance, not inconsistent with the provisions of this act, the business of all beer licensees carried on within their corporate limits."

The case resolves itself into a question as to whether or not the ordinance is inconsistent with the provisions of the Liquor Control Act. It must be conceded at the outset that a municipal corporation derives all of its powers from the state and that it has only such powers as the Legislature has seen fit to grant to it. It follows that in case of a direct conflict between a statute and a city ordinance, the statute is the superior law. The Liquor Control Act provides: "The power to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic liquors, except as specifically delegated in this act, is hereby vested exclusively in the commission." § 53-116, R. S. 1943. It becomes apparent that the Liquor Control Commission has full power to regulate the liquor traffic except as such power is specifically delegated elsewhere. Such power to regulate the business of beer licensees is delegated by section 53-147 to the governing bodies of cities and villages insofar as such regulations are not in conflict with the Liquor Control Act.

By definition contained in the statute, alcoholic liquors include alcohol, spirits, wine, and beer. § 53-103, R. S.

1943. It is urged that the grant of a license herein described as class D, which purports to license the sale of alcoholic liquors including beer, is in conflict with and superior to the ordinance passed pursuant to section 53-147 which delegates the control of the sale of beer to cities and villages where not inconsistent with the Liquor Control Act. That the Liquor Control Commission may properly issue licenses for the sale of beer and alcoholic liquors other than beer in the same room or location is within the purview of the act. We so held in Hanson v. Gass, 130 Neb. 685, 267 N. W. 403, wherein we said: "Sections 82 and 83 are the specific and particular provisions, and the only provisions, of the act by which the practical procedure for applying for and procuring licenses for the retail sale of alcoholic liquors, including beer, are prescribed and governed. By the language of those sections the licensee is granted the undoubted right to sell all forms of alcoholic liquor, including beer, in the premises described in the application and the license, without any restriction or exception as to different or separate premises." This decision is grounded on the theory that all conditions necessary to the issuance of a valid license for the sale of beer and alcoholic liquors other than beer, which are within the power of the city to prescribe, have been met. The opinion in that case points out that the city of Omaha had voted for the sale of alcoholic liquors at retail. No restrictions on the part of the city appear to have been imposed. We have no hesitancy in saying, under such circumstances, that the sale of alcoholic liquors on the premises described in the license would include the sale of beer, since the latter is included within the term "alcoholic liquors" by statutory definition.

But in the present case the city of Hastings has by ordinance imposed conditions regulatory in character. This is a fact which makes the case of Hanson v. Gass, *supra,* wholly inapplicable here. It must be borne in mind that a license is only a permit. Its permissive

effect can be no greater than the statute which authorizes it. The rights of a licensee can rise no higher than the terms of the statute by which the licensee becomes holder of the license and a license is invalid to the extent to which it purports to grant a permit in excess of the licensing authority's statutory power. Burgess v. Mayor and Aldermen of Brockton, 235 Mass. 95, 126 N. E. 456; Topoozian v. Geraghty, 239 App. Div. 458, 267 N. Y. S. 598; Steves v. Robie, 139 Me. 359, 31 A. 2d 797. Where, as here, a city is delegated the power to regulate the business licensed insofar as it is not inconsistent with the statute, a license which purports on its face to deprive the city of the regulatory rights delegated to it can have no such effect. Section 53-124 deals with annual license fees, classifies the various types of licenses, and assigns to each an annual license fee. The powers of the commission and of the governing bodies of cities and villages are found in other sections of the act and are not controlled by the license fee section.

What is meant by the power to regulate has been before the courts on many occasions and does not warrant an extensive discussion here. Generally it means that the mode and manner of conducting the business may be controlled. In so doing, the regulatory body may ordinarily consider the character of those operating the business, the place and hours of operation, the type of building and the sanitary condition thereof, the number of places to be licensed, and any other reasonable regulation that is not prohibitory. Thielen v. Kostelecky, 69 N. D. 410, 287 N. W. 513, 124 A. L. R. 820; Ajax v. Gregory, 177 Wash. 465, 32 P. 2d 560. A city with authority delegated to it to regulate a licensed business, not inconsistent with the licensing statute, may properly impose stricter regulations than the statute, without being inconsistent with such statute. Fox v. City of Racine, 225 Wis. 542, 275 N. W. 513; LaCrosse Rendering Works v. City of LaCrosse, 231 Wis. 438, 285 N. W. 393, 124 A. L. R. 511. Every regulation is in fact a restraint

or restriction upon the business, and where such regulations are authorized by the licensing statute the licensee must conform thereto, irrespective of the form of the license itself.

The argument that the city of Hastings is attempting to prohibit that which the statute provides is without substance for the simple reason that the licensing statute specifically delegates the power to regulate the beer business in a manner not inconsistent with the statute. Stricter regulations by cities and villages than those imposed by the commission or the Liquor Control Act are contemplated. The local option features of the act, the distinctions made in the act as to the control of beer and alcoholic liquors other than beer, and the underlying intention to separate on-sale and off-sale handling of alcoholic liquors, confirm the interpretation of the statute we here make. Under the act the regulation of the beer business is primarily in the hands of named political subdivisions of the state. In the instant case it lies with the city of Hastings. The mere fact that the Liquor Control Commission issues a license having a broader effect than the statute authorizes under the circumstances shown does not change the situation as to the powers delegated to and exercised by the city under such statute.

An authoritative text states: "As a general rule, a state or governmental authority which has power to deny a privilege altogether may grant a license therefor upon such conditions, not requiring the relinquishment of constitutional rights, as it sees fit to impose, and the person to whom the license is granted takes it upon such conditions. When a license or privilege is granted subject to such rules and regulations as may be imposed, the acceptance of the license is an acceptance of regulations adopted thereafter; and in such a case, a violation of a license is a violation of the terms of its grant." 33 Am. Jur., Licenses, § 52, p. 371. See, also, 53 C. J. S., Licenses, § 42, p. 644. In Manchester Press Club v. State Liquor

Commission, 89 N. H. 442, 200 A. 407, 116 A. L. R. 1093, it was said: "No one may sell intoxicating liquor against the State's consent, and if consent is granted, it may be on such terms and conditions as the State attaches thereto. Acceptance of the license is an acceptance of the requirements to be observed by the licensee. The requirements impose the obligation to observe them, since the obligation is one voluntarily assumed in return for the privilege."

The rule applicable here is well stated in 37 Am. Jur., Municipal Corporations, § 165, p. 790, in the following language: "The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal bylaw are not in themselves pernicious, as being unreasonable or discriminatory, both will stand. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective. Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail."

Stated differently, the primary power to permit the sale of beer and alcoholic liquors other than beer in the same room or location rests with the city by virtue

of its delegated authority to regulate the sale of beer. Where the city permits, the license issued pursuant to subdivision (5) D, section 53-124, R. S. 1943, grants the privilege insofar as the commission is concerned, but where as here the city does not permit beer to be sold in this manner by virtue of a valid restrictive regulation not inconsistent with the provisions of the Liquor Control Act, the form of the license issued does not have the effect of nullifying the action of the city.

The plaintiffs cite The Neil House Hotel Co. v. City of Columbus, 144 Ohio St. 248, 58 N. E. 2d 665; State ex rel. Cozart v. Carran, 133 Ohio St. 50, 11 N. E. 2d 245; Walgreen Co. v. Lenane, 363 Ill. 628, 2 N. E. 2d 894, and other cases of similar import. In these cases the court held that the requirements of the statute were limited to its own prescription. Where the power to regulate is fully and exclusively reserved by the statute, any other purported regulation is in conflict therewith and within the principle announced in the cited cases. But such is not the case here. The power is expressly delegated to the governing bodies of cities and villages, and calls for the application of the rule we have announced.

The ordinance of the city of Hastings merely imposes stricter regulations than the Liquor Control Act and, being such, it is not inconsistent with the act. The ordinance is therefore within the scope of the regulatory powers granted to the city and a valid exercise of the police power delegated to it by the Liquor Control Act. The trial court erred in overruling the demurrer to plaintiffs' petition and in enjoining the defendants from enforcing the ordinance. The judgment is reversed with instructions to the district court to sustain defendants' demurrer to plaintiffs' petition.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER, J., dissenting.

I cannot agree with the majority opinion in this case. There are two questions which are basic in the deter-

mination of the issues involved in this case a correct approach to either or both of which requires a decision the direct opposite of that made by the majority opinion. Only one was considered.

The question considered and determined was that of whether or not the provisions of the ordinance of the city of Hastings, Nebraska, which were brought into question are inconsistent with the provisions, of the Nebraska Liquor Control Act. If they are, then the majority opinion to the extent that it deals with the issues involved is wrong and this dissent stands on a firm basis. I insist that inconsistency does exist and my purpose is to point it out.

I desire to point out that, as I believe, none of the cases cited in the majority opinion except Hanson v. Gass, 130 Neb. 685, 267 N. W. 403, has a bearing on the question involved and this one completely supports the contentions of the plaintiffs in this case.

The plaintiffs according to the petition were holders of licenses from the Nebraska Liquor Control Commission to sell, at designated premises in the city of Hastings, Nebraska, alcoholic liquors, including beer, regardless of alcoholic content, sales to be made in the original packages and for consumption off the premises. This type of license is designated in the act as class D.

The defendants demurred generally to the petition the effect of which was of course to admit the possession of the licenses and the propriety of their issuance.

These licenses were the measure of the rights of the plaintiffs to dispense alcoholic liquors. Section 53-123.04, R. S. Supp., 1949, makes this clear. The provision is: "A retailer's license shall allow the licensee to sell and offer for, sale at retail either in the original package or otherwise, as therein prescribed, in the premises specified in such license, alcoholic liquors or beer regardless of alcoholic content for use or consumption but not for resale in any form."

Applied to this case that is a declaration that these

plaintiffs were *on the premises designated* in their respective licenses granted the right to, sell alcoholic liquors, including beer, regardless of alcoholic content, sales to be made in the original packages and for consumption off the premises. This was a clear, unequivocal, and unmistakable right which flowed to them from the act itself through the license issued by the Liquor Control Commission.

The following which appears as section 53-147, R. S. 1943, is a provision of the Nebraska Liquor Control Act: "The governing bodies of cities and villages are hereby authorized to regulate by ordinance, not inconsistent with the provisions of this act, the business of all beer licensees carried on within their corporate limits."

Apparently pursuant to this authority the governing body of the city of Hastings enacted the following:

"It shall be unlawful for any person or persons, holding a license to sell beer at retail 'off sale' and alcoholic liquors other than beer in the original package, at retail, to sell or keep the same for sale at retail in the same room or on the same premises. It shall be unlawful for any person or persons holding a license or licenses for the sale at retail of beer 'on sale' and of alcoholic liquors other than beer in the original package, to sell, or keep for sale the same at retail, except in separate and distinct rooms or premises. Rooms or premises shall be deemed separate and distinct only when located in buildings which are not adjacent, or when so separated by walls or partitions that access can not be had directly from one to the other by means of doors or other openings."

A penalty provision was also enacted for violation which shall not be set forth here.

The plaintiffs by their petition declare that this provision of the ordinance which by its terms denies them the right to sell beer from the same premises as other alcoholic liquors is directly inconsistent with the rights

granted to them under the law through the instrumentality of the Liquor Control Commission.

It is directly contrary to the legislative grant of rights which shall attend a class D license. Being contrary to the statute I am unable to comprehend how it can be free from inconsistency therewith.

It cannot well be said that the defendants may be aided in this instance by consideration of any general regulatory right or right under police power. The specific subject with which the ordinance deals was a thing specifically dealt with by the Legislature, and the effect of the legislative declaration, which conferred the only power of the city to act at all, is to effectually bar contrary or inconsistent municipal legislation.

It is apparent to me that the majority opinion fails to comprehend the true perspective of the case of Hanson v. Gass, *supra*. In the majority opinion it is stated: "The opinion in that case points out that the city of Omaha had voted for the sale of alcoholic liquors at retail. No restrictions on the part of the city appear to have been imposed. We have no hesitancy in saying, under such circumstances, that the sale of alcoholic liquors on the premises described in the license would include the sale of beer, since the latter is included within the term 'alcoholic liquors' by statutory definition."

Analyzing and applying that statement together with the opinion in Hanson v. Gass, *supra,* let us see at what point we arrive. Like in that case these plaintiffs had proper licenses, or at least we must so assume, since by their petition they so declared and by the general demurrer the defendants so admitted.

The right of these plaintiffs to sell beer on the same premises with other alcoholic liquors is statutorily more conclusive than was true under the license involved in Hanson v. Gass, *supra*. As to licenses such as the plaintiffs have the statutory provision contains the words "including beer" whereas as to the other it does not.

It is quite true that in the case of Hanson v. Gass,

*supra,* no restriction on the part of the city of Omaha was involved. It is not true however that a restriction like or similar to that contained in the ordinance of the city of Hastings was not involved. The similar restriction was contained in the Liquor Control Act itself.

The opinion in that case points out quite certainly that this restrictive provision was contrary to and inconsistent with the right of the licensee under his license to sell beer from the same premises where he was engaged in selling other alcoholic liquors. If the conclusion of this court with respect to consistency was correct there, how reasonably can an opposite conclusion be correct here?

Fairness requires that I point out here that it may reasonably be said that the decision in that case did not in the last analysis turn on the question of conflicting provisions of the statute. The court determined that the conflicting provision there was not substantive law but was only a declaration of public policy in the nature of a preamble, and hence could not be considered a substantive abridgement of the rights of the licensee under his license. Obiter dicta though it may be, it stands as reasoning of this court employed in a case wherein the majority opinion fails to deny its correctness, and a case, as I believe, involving a principle exactly the same as is involved in this case.

The other reason why I conclude that the majority opinion is wrong is that the provision of section 53-147, R. S. 1943, gives cities and villages no control whatever over licenses such as these plaintiffs have. That provision extends power to cities and villages to regulate the business of holders of beer licenses. These plaintiffs do not have beer licenses. They have class D licenses which permit the sale of all kinds of alcoholic liquors including beer. Beer licenses are separately classified. Retail beer licenses are classed as A, B, and F.

I repeat, I cannot agree with the majority opinion in this case. The decree of the district court should be affirmed.