STATE OF NEBRASKA, APPELLEE, v. LEO KUBIK, APPELLANT.

67 N. W. 2d 775

Filed December 28, 1954. No. 33594.

*Schrempp & Lathrop,* for appellant.

*Clarence S. Beck,* Attorney General, *Richard H. Williams,* and *Charles A. Fryzek,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant was charged in the municipal court of the city of Omaha with and was convicted of violation of an ordinance prohibiting keeping and maintaining a disorderly house within the city. Appeal to the district court was taken by him. He was unsuccessful in that court and was adjudged to pay a fine and the costs. This appeal challenges the validity of the conviction and sentence.

The accused denied the charge made against him and questioned the validity of the ordinance. Appellee says the objection to the ordinance may not be considered on this appeal because the motion of appellant for a new trial did not make a specific assignment of the facts that he claims establish the lack of validity of the ordinance. A specification of the motion for new trial is that the verdict of the jury finding appellant guilty was contrary to law and is not sustained by evidence. The grounds for a new trial are statutory. § 25-1142, R. R. S. 1943. A cause for new trial specified therein is that the verdict is not sustained by evidence or is contrary to law. It is sufficient to state any ground relied upon for a new trial in the language of the statute without further or other particularity. § 25-1144, R. R. S. 1943; Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130; Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265. The assignment of appellee in this regard is not supported by fact or law.

The Tavern Owners, Bartenders and Waiters Club, designated herein the club, has been since February 5, 1952, a Nebraska corporation. It is a nonprofit organization without capital stock with its place of business at 1417½ Harney Street in Omaha. Its purposes and objects are to promote good will and cooperation among tavern owners and their employees; to study and discuss problems of tavern owners and proposed legislation which relates to or affects them as a class; to provide a place of recreation for members, their families, and

guests; to sponsor and promote civic projects; and to acquire, use, and dispose of property as the board of directors decides is for the good of the corporation. It is governed by a board of its members and its affairs are, subject to the action of the board, conducted by a president, a vice president, and a secretary-treasurer. The membership of the club is limited to tavern owners, bartenders, waiters, waitresses, and persons who have an actual interest in the aims and objectives of the corporation. Appellant was its manager. Only members and their guests were admitted to the place where the affairs of the club were conducted. The club did not have, sell, or give away intoxicating liquors. A member of the club could bring to its place of business intoxicating liquor belonging to him and leave it in the custody of the manager. The bottle of liquor of the member was in such instance marked and identified as the property of the owner, and he was given a receipt for it. The owner and his guests only were served from his bottle. Many of the members had intoxicating liquor there under the circumstances and conditions stated. The liquor brought to and left in the custody of the club was owned by the member and not the club. The container of it had attached the name and number of the member. The liquor could only be used by the member and any guest of the member.

The conduct of the club, its manager, its members, and the guests of members was decorous, orderly, without disturbance of anyone, and free from complaint or objection as being improper or illegal, except the charge made herein that appellant, the manager, maintained the premises of the club for the purpose of permitting the drinking of intoxicating liquor thereon without having procured a license therefor.

The complaint, the basis of this prosecution, does not specify any act of appellant. It charges only that appellant kept and maintained a disorderly house at a designated location in Omaha, contrary to the ordinance

of the city. There was produced at the trial as a part of the evidence an ordinance which contains the following: "It shall be unlawful for any person * * * to maintain * * * any portion of his premises for the purpose of gambling therein * * *; or to sell or offer for sale, keep or give away, any intoxicating liquors, or to permit the drinking of any intoxicating liquors upon said premises, unless he has first procured a license therefor; * * *." The Nebraska Liquor Control Commission had not issued a license to appellant or the corporation. There is no charge or evidence that there had been gambling or a sale or an offer to sell or to give away intoxicating liquor by appellant or the club on its premises described in the complaint. The gist of the evidence is that at the time and place stated in the complaint there were persons on the premises, some of whom were seated and engaged in conversation, others were dancing, and a majority of them were drinking intoxicating liquor.

Appellant contends that the ordinance is invalid because it is inconsistent with the Nebraska Liquor Control Act. The decisive issue is the validity or invalidity of the ordinance, the basis of this case. A municipal corporation derives all of its power from the state and it has only such authority as the Legislature has granted to it. If the ordinance conflicts with the statute the latter is the superior law and the former is not enforcible. Phelps Inc. v. City of Hastings, 152 Neb. 651, 42 N. W. 2d 300. The word inconsistent as used herein means contradictory in the sense that two legislative provisions cannot coexist. The court is obligated to harmonize, to the extent it can legally be done, state and municipal enactments on the identical subject. Bodkin v. State, 132 Neb. 535, 272 N. W. 547.

The authority to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic liquors is vested exclusively in the Liquor Control Commission except as otherwise specifically delegated

by the Liquor Control Act. § 53-116, R. R. S. 1943; Phelps Inc. v. City of Hastings, *supra;* State ex rel. Nebraska Beer Wholesalers Assn. v. Young, 153 Neb. 395, 44 N. W. 2d 806. A limitation on the power of the commission is the following provision of the Liquor Control Act: "* * * nothing herein contained shall prevent the possession and transportation of alcoholic liquor for the personal use of the possessor, his family and guests; * * *." § 53-102, R. R. S. 1943. This authorizes any person who can lawfully acquire intoxicating liquor to possess, transport, have, and keep it on premises owned, occupied, or controlled by him subject to the restriction that it must be for the personal use of the possessor, his family, and guests. The ordinance seeks to prohibit any unlicensed person from possessing or having or keeping intoxicating liquor for the use of the possessor, his family, and guests upon any premises owned, occupied, or controlled by the owner of the liquor. There is nothing in the language of the statute quoted above to suggest that the possessor of intoxicating liquor secured for the use of himself, his family, and guests must be kept and used away from the premises owned by the possessor. The essence of the ordinance is that it is unlawful for any person to maintain any portion of his premises to keep intoxicating liquor on or in it or to permit the drinking of any intoxicating liquor upon his premises notwithstanding the fact that the liquor is had solely for the use of the owner, his family, and guests. This is in direct conflict and inconsistent with the clear language and provisions of the statute last quoted herein. The ordinance is unenforcible.

The judgment and sentence in this case should be and they each are reversed and the cause remanded to the district court with instructions to dismiss the case and discharge the appellant.

REVERSED AND REMANDED WITH DIRECTIONS.