**Gerard L. FREVE**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

June 8, 1967.

Gerard L. Freve, pro se.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellees.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

DUFRESNE, Justice.

Petitioner filed with a single Justice his petition for the writ of mandamus. It was dismissed upon the State's motion. His appeal from the dismissal was certified to the Chief Justice under the provisions of 14 M.R.S.A. § 5452. The State has filed with us a motion to dismiss the appeal for want of prosecution alleging the petitioner's failure to comply with the statutory mandate requiring that "the appealing party shall, within 15 days thereafter [i. e. from the time notice of appeal shall have been given] forward to the Chief Justice his written argument upon such appeal and shall, within said 15 days, furnish the adverse party or his attorney with a copy of such argument." The non-compliance is fact. We grant the motion.

In this State the procedure for obtaining relief through the use of the extraordinary writ of mandamus is largely controlled by statute and statutory prescriptions on appeal must be complied with or the appeal will be subject to dismissal. 14 M.R.S.A. §§ 5451, 5452; Rule 81(b) M.R. C.P.; Field and McKusick, Maine Civil Practice, Commentary § 81.4. The Legisla-

ture has provided a speedy procedure on appeal with the hope of securing an expeditious dispatch of appellate review of rulings of the sitting Justice in mandamus proceedings, but the legislative goal will not be attained unless the statutory procedural prerequisites are timely met. In support of the legislative policy, we rule that noncompliance with the requirement that appellant's written argument upon his appeal be forwarded to the Chief Justice and a copy thereof to the appellee within 15 days from the giving of the notice of appeal subjects the appeal to dismissal.

Even though however we dismiss the appeal on a procedural point, the result would be the same had the appeal been properly perfected by the timely dispatch by appellant of his written argument on appeal to the Chief Justice with copy to the appellee as required by statute.

Petitioner bases his alleged right to remedial relief in mandamus on the grounds that while on parole he was convicted of crimes for which he was sentenced to the county jail in Auburn, Maine, and held therein by the sheriff in full execution of the sentences. He asserts that under P.L. 1959, c. 312, § 11, now 34 M.R.S.A. § 1676, it was mandatory that he serve the sentences given to him for the crimes committed while on parole only after the termination of his sentence on the first offense either by full service thereof or specific termination by the parole board, and that the failure of the probation-parole officer or the parole board to cause the petitioner to be delivered to the Warden of the State Prison for the purpose of serving out the sentence for the first offense forthwith was an irrevocable release from and automatic termination of the first sentence under which he is now incarcerated.

Petitioner's stated grievance, as does his prayer for relief, claims illegal imprisonment in the State Prison as a result of conviction of crime and incarceration thereunder for which our post conviction habeas corpus, 14 M.R.S.A. § 5502, provides

an adequate and exclusive remedy. Indeed, in Steves et al. v. Robie, 139 Me. 359, 31 A.2d 797, our Court has accepted as the law in the State of Maine, the universal rule that to induce a court to interfere by mandamus, there must be not only a specific legal right, but also there must be absence of *any other* specific legal remedy which is adequate for the purpose to be served.

Therefore, the entry will be

Appeal dismissed.

WEBBER, J., did not sit.