IN RE INTEREST OF GENEVIEVE C.,
A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
GENEVIEVE C., APPELLANT.
698 N.W.2d 462

Filed June 21, 2005. No. A-04-1112.

Lynnette Z. Boyle, of Tietjen, Simon & Boyle, for appellant.

Stuart J. Dornan, Douglas County Attorney, Jennifer Chrystal-Clark, and Anne Armitage, Senior Certified Law Student, for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Genevieve C. appeals from a juvenile court decision adjudicating Genevieve pursuant to Neb. Rev. Stat. § 43-247(1) (Cum. Supp. 2002) for making a false statement to a police officer in violation of a city ordinance. We must consider whether the ordinance conflicts with Neb. Rev. Stat. § 28-907(1)(a) (Cum. Supp. 2004), because the ordinance does not require that the statement be material or that the speaker have a specific intent to impede or instigate an investigation. Finding no conflict, we affirm.

## BACKGROUND

A petition filed May 27, 2004, in the separate juvenile court of Lancaster County alleged that Genevieve was a child as defined by § 43-247(1) because on or about April 5, Genevieve intentionally or knowingly made a false statement to a police officer concerning the subject of an investigation, in violation of a Lincoln ordinance. Genevieve filed a motion to dismiss, alleging that the petition failed to state a claim upon which relief could be granted because the city of Lincoln did not have the authority to enact criminal laws inconsistent with Nebraska's statutes.

On August 31, 2004, the petition and the motion to dismiss came on for hearing. The court received into evidence the ordinance at issue, heard arguments on the motion to dismiss, overruled the motion, and proceeded with the adjudication hearing. Michael Pratt, a Lincoln police officer, testified that on the afternoon of April 5, 2004, he approached a vehicle—occupied by the female later determined to be Genevieve—in the parking lot of a grocery store located at 66th and O Streets. Such vehicle matched the dispatcher's description of a vehicle which had been seen at another location in the chain of grocery stores operating under that name. Pratt identified himself as a police officer and informed the female that he was investigating counterfeit payroll checks that were being cashed at the other store's location. Pratt asked the female for her name and was given the name "Lindsay Lock." Pratt also obtained her address, telephone number, and date of birth. Pratt later determined the female's true identity to be Genevieve, and Genevieve subsequently admitted to Pratt that she had lied about her identity because she knew she was wanted as a runaway and because she did not want to go back to a group home, to become involved in the investigation, or to be taken into custody.

The court found the allegations of the petition to be true beyond a reasonable doubt and adjudicated Genevieve as a child within the meaning of § 43-247(1). Genevieve timely appeals.

## ASSIGNMENTS OF ERROR
Genevieve asserts that the juvenile court erred (1) in failing to dismiss the petition pursuant to her claim that the city of Lincoln did not have the authority to enact a criminal ordinance inconsistent with state laws and (2) in finding that Genevieve was a child as defined by § 43-247(1).

## STANDARD OF REVIEW
■ With regard to questions of law, an appellate court is obligated to reach a conclusion independent from the trial court's conclusion. *Pipe & Piling Supplies v. Betterman & Katelman*, 8 Neb. App. 475, 596 N.W.2d 24 (1999).

■ Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of

the juvenile court's findings. *In re Interest of Joshua R. et al.*, 265 Neb. 374, 657 N.W.2d 209 (2003).

## ANALYSIS

*Validity of Ordinance.*

 As a city of the primary class, Neb. Rev. Stat. § 15-101 (Reissue 1997), the city of Lincoln has authority to enact ordinances "not inconsistent with the general laws of the state," Neb. Rev. Stat. § 15-263 (Reissue 1997). The Nebraska Constitution also permits a city having a population of more than 5,000 inhabitants to "frame a charter for its own government, consistent with and subject to the constitution and laws of this state." Neb. Const. art. XI, § 2. Pursuant to Neb. Const. art. XI, § 5, the city of Lincoln adopted its charter as the home rule charter for the city. The purpose of a home rule charter is to render the city as nearly independent as possible from state interference. *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003). A provision of a municipality's home rule charter takes precedence over a conflicting state statute in instances of local municipal concern, but when the Legislature enacts a law affecting municipal affairs which is of statewide concern, the state law takes precedence over any municipal action taken under the home rule charter. *Jacobberger v. Terry*, 211 Neb. 878, 320 N.W.2d 903 (1982).

The ordinance at issue states: "It shall be unlawful for any person to make a false statement known by such person to be false to any police officer concerning the subject of an investigation." Lincoln Mun. Code § 9.08.040 (1990). On the other hand, the statute provides that false reporting is committed when a person "[f]urnishes material information he or she knows to be false to any peace officer or other official with the intent to instigate an investigation of an alleged criminal matter or to impede the investigation of an actual criminal matter." § 28-907(1)(a).

 The issue is whether the ordinance is inconsistent with the statute. When an ordinance is inconsistent with statutory law, it is unenforceable. *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003). A city ordinance is inconsistent with a statute if it is contradictory in the sense that the two legislative provisions cannot

coexist. *Id.* Inconsistent does not mean mere lack of uniformity in detail. *Bodkin v. State*, 132 Neb. 535, 272 N.W. 547 (1937).

> "[W]here both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective."

*Phelps Inc. v. City of Hastings*, 152 Neb. 651, 657, 42 N.W.2d 300, 304 (1950) (quoting 37 Am. Jur. *Municipal Corporations* § 165 (1941)). See, also, *State v. Loyd, supra* (ordinance may not permit that which statute prohibits, and vice versa).

We look to Nebraska case law for guidance in determining when an inconsistency exists. In *Bodkin v. State*, 132 Neb. at 536, 272 N.W. at 548, the ordinance at issue stated:

> "No person shall, within the city, sell or give any alcoholic liquors to, or procure any such liquor for, or permit the sale or gift of any such liquor to, or the procuring of any such liquor for, any minor or any person who is mentally incompetent or any person who is physically or mentally incapacitated due to the consumption of such liquors." Municipal Code, 1936, sec. 19-203.

The relevant statute provided:

> "No person, who holds a license to sell alcoholic liquors as a retailer, manufacturer or distributor, shall permit the sale or gift to, or procuring for, any such liquors to any minors, to any person who is mentally incompetent, or to any person who is physically or mentally incapacitated due to the consumption of such liquors, knowing them to be such." Comp. St. Supp. 1935, sec. 53-338.

*Bodkin v. State*, 132 Neb. at 536, 272 N.W. at 548.

The Nebraska Supreme Court considered whether the difference between sales to minors " 'knowing them to be such' " and " 'sales to minors' " amounted to an inconsistency. *Id.* at 537, 272 N.W. at 548. The court recognized that the ordinance was more strict than the statute but that the public policy of the state and the

city and the evils at which the legislation was aimed were the same. The court determined that the ordinance was not inconsistent with the statute.

In *Phelps Inc. v. City of Hastings, supra,* the state law allowed holders of a particular liquor license to sell all liquors, including beer. The city ordinance prohibited the sale of both beer and other alcoholic liquors in the same room by any person. The court held:

> The ordinance of the city of Hastings merely imposes stricter regulations than the Liquor Control Act and, being such, it is not inconsistent with the act. The ordinance is therefore within the scope of the regulatory powers granted to the city and a valid exercise of the police power delegated to it by the Liquor Control Act.

*Id.* at 658, 42 N.W.2d at 304.

In *State v. Kubik,* 159 Neb. 509, 67 N.W.2d 755 (1954), the court found a conflict between an ordinance and a statute. The ordinance made it unlawful for a person to keep liquor on his premises without being licensed, whereas the Liquor Control Act explicitly stated, "nothing herein contained shall prevent the possession and transportation of alcoholic liquor for the personal use of the possessor, his family and guests," Neb. Rev. Stat. § 53-102 (1943). The court found that the two provisions could not coexist due to the express exemption in the state law.

Again, in *State v. Loyd,* 265 Neb. 232, 655 N.W.2d 703 (2003), an ordinance was found to be inconsistent with a statute, because the ordinance required a different punishment for a defendant placed on probation after being convicted of second-offense driving under the influence. The statute provided that a defendant placed on probation must pay a $500 fine, be ordered not to drive for 1 year, and either be confined for 5 days or serve 240 hours of community service. The ordinance did not provide for a fine for a defendant on probation; however, it did require that the defendant not drive for 6 months and that the defendant be confined for 48 hours. The *Loyd* court stated, "When two provisions require the trial court to impose different sentences, the provisions cannot coexist and the ordinance is unenforceable." *Id.* at 235-36, 655 N.W.2d at 706.

In the instant case, the key respects in which the statute and ordinance differ are that the statute requires (1) that the false

information be material information and (2) that the false information be furnished with the intent to either instigate or impede an investigation. The false reporting statute first emerged in Nebraska with the Legislature's passage of 1957 Neb. Laws, ch. 97, § 1, p. 357. As initially proposed, it began with the following language: "Any person who furnishes false information as to a material fact . : . ." L.B. 354, 68th Leg. (1957). The Judiciary Committee in its statement on L.B. 354 in 1957 indicated that there was currently no such law and that "a need for it is shown by the frequent false complaints which are made to the police." L.B. 354, 69th Leg. (Mar. 22, 1957). As amended, the final version eliminated the words "material fact" and set forth:

> Any person who furnishes information he knows to be false to any law enforcement officer who operates under the authority of the State of Nebraska or any political subdivision or court thereof, or other official, with the intent to instigate an investigation of an alleged criminal matter, or to impede an investigation of an actual criminal matter . . . .

Neb. Rev. Stat. § 28-744 (Reissue 1964). Notably, the Legislature later added the word "material" before the word "information." 1994 Neb. Laws, L.B. 907.

 A court has a duty to harmonize state and municipal legislation on the identical subject. *Gillis v. City of Madison*, 248 Neb. 873, 540 N.W.2d 114 (1995). " '[T]he fact that a local ordinance does not expressly conflict with the statute will not save it when the legislative purpose in enacting the statute is frustrated by the ordinance.' " *State ex rel. City of Alma v. Furnas Cty. Farms*, 266 Neb. 558, 569, 667 N.W.2d 512, 522 (2003) (quoting 5 Eugene McQuillin, The Law of Municipal Corporations § 15.20 (3d ed. 1996)). Although the Legislature thought it was important to clarify that the false information be material, we cannot say that the failure of the ordinance to explicitly provide that the information be material frustrates the purpose of the statute.

The potential for the Lincoln ordinance to criminalize more false statements than the statute does not make it inconsistent under the case law discussed above. Like in *Bodkin v. State*, 132 Neb. 535, 272 N.W. 547 (1937), where the absence of an intent element did not render the ordinance inconsistent, the public

policy of Lincoln and Nebraska in the instant case is the same and both provisions have a common purpose—seeking to dissuade the giving of false information to police officers regarding the subject of an investigation by making such conduct a crime. Further, the ordinance does not restrict anything expressly permitted by the statute. We conclude that the ordinance and the statute can coexist and are not contradictory and that the ordinance is therefore valid. Accordingly, the court did not err in overruling Genevieve's motion to dismiss.

*Adjudication.*

The juvenile court found the allegations of the petition to be true beyond a reasonable doubt and adjudicated Genevieve as a child as defined by § 43-247(1), which definition is "[a]ny juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance." The ordinance at issue made it unlawful for any person to make a false statement, known by such person to be false, to any police officer concerning the subject of an investigation. The facts show that Pratt, the police officer, was investigating the cashing of counterfeit payroll checks at a grocery store; that Genevieve occupied a vehicle matching the description of a vehicle observed earlier at another location in the same chain of stores; and that Genevieve lied to Pratt about her identity because she did not want to be taken into custody or to have any involvement in the crime being investigated. The State proved beyond a reasonable doubt that the allegations in the petition were true.

## CONCLUSION

We conclude that the ordinance at issue was not inconsistent with the statute on false reporting and that the court did not err in adjudicating Genevieve as a child within the meaning of § 43-247(1). We therefore affirm the decision of the separate juvenile court adjudicating Genevieve as a juvenile as defined by § 43-247(1).

AFFIRMED.