OLIVER RICHARDSON, APPELLANT, V. FRONTIER COUNTY ET AL., APPELLEES.

FILED JUNE 16, 1913.   No. 17,308.

1. **Highways**: ESTABLISHMENT: NOTICE: APPEARANCE. One who appears at the hearing on the petition for the establishment of a public road and takes part in the proceedings cannot after complain that he did not receive notice in the legal manner.

2. ———: LOCATION: VARIATIONS. It is not essential that a public road be laid out upon the exact line prayed for in the petition, and slight variations in order to procure a more practicable route are permissible.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE.  *Affirmed.*

*L. H. Cheney* and *Lambe & Butler,* for appellant.

*W. S. Morlan, H. W. Berry, W. H. Latham, J. A. Williams* and *J. L. White, contra.*

LETTON, J.

This action was brought to restrain the defendants from opening a public road across the land of plaintiff, from trespassing upon it, and from tearing down his fences. The district court found for defendants, and dismissed the plaintiff's action.

The pleadings are exceedingly voluminous, but plaintiff's complaint seems to be that the notice of the proposed establishment of the road petitioned for was insufficient; that there was a departure from the route petitioned for in the report of the commissioner, and a still further departure by the surveyor; that no provision was made to ascertain and compensate the plaintiff's damages; that he was deceived into appearing at the hearing upon the petition by the defendants; that the county officers accepted another road dedicated by the plaintiff in lieu of the road petitioned for, and are now estopped from opening a second road across his premises; that at the point where the overseer is threatening to tear down the fences there is no public highway, and that there is no money in the road funds wherewith to pay his damages.

The defendants plead the legality of all the proceedings. It is further alleged that the plaintiff consented to the changes and departures from the line described in the petition; that due notice for the filing of claims for damages was given; that plaintiff with knowledge of all the facts presented a claim for damages, and was allowed $200; that he afterwards appealed from this allowance, and dismissed the appeal; that he assisted in establishing the route of said road, and is now estopped from claiming any irregularities.

It is unnecessary to consider whether the plaintiff had legal notice of the proceedings for the establishment of the road. He appeared at the time and place set for the hearing, was represented by an attorney, and took an active part in the proceedings. The claim that he was induced to do so by the artifice of the county officers is not based upon the evidence. The original petition was signed by a large number of landowners nearby who were desirous for the location of the road. A commissioner to view the route was duly appointed. On June 21, 1909, he reported in favor of the establishment of the road, varying slightly from the line prayed for in the petition, but substantially in the same general course and with the same starting point

and termination. He also filed a plat in conformity with this report. The road was established in accordance therewith, and the notice to remove fences given by the road overseer to the plaintiff describes the road as thus located. The mere fact that the line of road was not in exact accordance with the line prayed for is immaterial. It was the duty of the viewer to lay out the most practicable route within reasonable limits, and apparently this was done.

On September 6, 1909, the date fixed for the hearing upon the petition, the plaintiff filed a proposition to grant the right of way for a road across his land at another point, in consideration of $187 damages. After considering the proposition of the plaintiff, the claims for damages and the evidence, the board found in favor of the establishment of the road as prayed for in the petition and recommended by the viewer. The appraisers appointed to ascertain and fix the amount of damages reported in favor of allowing the plaintiff $187. The county commissioners, however, allowed the plaintiff $200 as damages. While it is shown the matter of crossing plaintiff's land by another course was considered, there is no proof that the county authorities accepted another road dedicated by the plaintiff in lieu of the road petitioned for.

It is also complained that since the road was established the county surveyor has staked it out upon a different line from the proper one, and that the road overseer is threatening to tear down plaintiff's fences on the line laid out by the surveyor. If the road overseer should attempt to tear down the plaintiff's fences at a point where the road is not established he would be entitled to his proper remedy, but we find no proof of such facts.

The contention that no provision has been made for money to pay plaintiff's claim for damages is unsupported by the evidence. The county treasurer testifies he has the money in his hands for that purpose, and has been ordered by the county board to retain it for the payment of the warrants issued for plaintiff's benefit. It is immaterial whether the money was on hand when the road was located,

though it is very material whether it is on hand or provided for before the road is opened.

We can see no merit in the plaintiff's appeal, and the judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.