330 Mass. 417 (1953)
114 N.E.2d 547
CITY OF EVERETT
vs.
CAPITOL MOTOR TRANSPORTATION COMPANY, INC., & others.
Supreme Judicial Court of Massachusetts, Middlesex.
April 8, 1953.
September 14, 1953.
Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.
Harris E. Albert, City Solicitor, for the plaintiff.
Albert E. Morris, (Joseph Fisher with him,) for the defendants.
QUA, C.J.
This bill is brought by the city against the above named defendant described as the lessee of premises at 290-296 Main Street and against another corporation described as the owner of the land and buildings at the same address and an individual described as an officer in each of the corporations and as the "lessor" of the premises. The material allegation is that the defendants are using the premises as a "freight terminal" for trucks in violation of the zoning ordinance of the city. The prayers are for injunctive relief.
The record was prepared under the new Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693, by means of designations and counter designations of portions of the transcript of the evidence and of condensations of other portions. It seems advisable to repeat here what has in substance been said before, that where designated portions of a transcript of evidence are included in accordance with this rule, the record should show the names of the witnesses, by what party they were *419 called, and whether the evidence was given on direct or cross-examination, and also that designated portions of the transcript should as far as practicable be printed in consecutive order as the evidence was given in court so as to avoid the fragmentation of the record which has been one of the chief objections to devices designed to reduce the bulk of appeal papers. Donahue v. Kenney, ante, 9. Cohen v. Santoianni, ante, 187, 190.
Certain facts appear not to be in dispute. The building on the defendants' land occupies the greater part of the lot and is approximately one hundred forty feet long and one hundred fifty feet deep from the street to the rear. In the evidence it is called a "garage." It was erected "under a permit ... for stores and a garage." Inside the building along the whole length of the rear wall there is a "loading platform" four feet high and twenty feet wide. Connecting with this platform is another similar platform eighteen to nineteen feet wide along one of the side walls. Under the zoning ordinance the line between an "Apartment District" and a "Business District" runs through the building in such a manner as to leave about a third of it, including all of the rear platform and part of the side platform, in the apartment district, from which business is excluded. The defendants admitted in open court that the premises were being used as a freight terminal in that part of the rear of the building where the platforms are and on land zoned for apartments. The permit for the erection of the building was dated February 24, 1926. The zoning ordinance went into effect on August 20, 1926. Section 3 (1) of the ordinance prohibits the use or construction of buildings except in conformity therewith. Section 3 (2) reads, "The provisions of this Ordinance shall not apply to any existing buildings or structures, nor to the existing use of any building, structure or premises as long as they remain unchanged."
The trial judge, in dismissing the bill, made three principal findings of fact: (1) "that the provisions of the Zoning ordinance do not apply to these premises they having remained substantially unchanged since the building was *420 first erected sometime prior to the effective date of the Zoning ordinance which was August 20, 1926 when the ordinance was published in accordance with Section 15 of the ordinance"; (2) "that even if the said ordinance does apply, there has been no violation thereof by any of the respondents"; and (3) "that even if said ordinance does apply and even if there were a violation thereof by the respondents that the petitioner is guilty of laches it having delayed, without excuse, an unconscionable length of time in seeking relief."
The designated evidence, as appearing in the record, is sketchy and more or less fragmentary in character and possibly does not adequately reproduce the pertinent evidence received at the hearing. Nevertheless it represents what the parties were content to rely upon for the purposes of this appeal, and must now be considered by us as if it were all of the evidence introduced. Cohen v. Santoianni, ante, 187, 190. For reasons now to be stated we do not see how the evidence supports the findings of the judge.
We find no evidence that the building was in fact erected before August 20, 1926, when the ordinance took effect. The permit for the erection of the building was issued on February 24, 1926, and there was evidence that it was possible to erect such a building within four months, but there was no evidence when construction began or that the building was in fact erected before August 20. Moreover, even if the building itself was erected before that date, and even if it remained substantially unchanged afterwards, those facts would not be sufficient to establish a use existing before the ordinance took effect. The ordinance relates both to structures and to their uses. Whatever protection might be afforded the building itself, if erected before the ordinance took effect, would not extend to a use not then in existence. See Lexington v. Bean, 272 Mass. 547, 554; LaMontagne v. Kenney, 288 Mass. 363; Inspector of Buildings of Watertown v. Nelson, 257 Mass. 346, 350; Inspector of Buildings of Burlington v. Murphy, 320 Mass. 207, 209-210; Connors v. Burlington, 325 Mass. 494, 495; *421 G.L.c. 40, § 29, as appearing in St. 1925, c. 116, § 3, and § 26, as appearing in St. 1933, c. 269, § 1. There was no evidence of the actual use of the building before the ordinance took effect, even if it had been erected before that time. Although the permit for the erection of the building was "for stores and a garage," the only evidence of actual use begins with evidence of occupancy by the first named defendant "as a garage since 1933 up to and including the present time." In addition to all this it appeared by admission at the hearing that part of the premises where the platforms were, which was included in the "Apartment District," was being used "as a freight terminal." The details of this use as a freight terminal do not appear, but it is hardly conceivable that such use was not different from use as a garage or that it was merely an incident of use as a garage. Lexington v. Bean, 272 Mass. 547, 552-553. Marblehead v. Rosenthal, 316 Mass. 124, 127-128. Public Buildings Commissioner of Newton v. Star Market Co. 324 Mass. 75. Everpure Ice Manuf. Co. Inc. v. Board of Appeals of Lawrence, 324 Mass. 433, 436-437. There was no evidence whatever as to when the platforms were constructed inside the building or as to when use as a freight terminal began.
The finding that even if the ordinance does apply there has been no violation thereof by any of the defendants cannot stand in the face of the admission that part of the premises included in the apartment district was being used as a freight terminal.
As to the finding of laches, it is enough to say that the doctrine of laches has no application to the enforcement by a municipality of its ordinances. Lincoln v. Giles, 317 Mass. 185. See Caputo v. Board of Appeals of Somerville, ante, 107, 112.
The principal argument of the defendants has been directed to the alleged unconstitutionality of the ordinance as applied to their property, particularly in view of the fact that the line between two districts runs through their building. There is, however, a complete absence of evidence as *422 to the character of the neighborhood and as to other material factors which would bear upon the question of extraordinary, unreasonable, and oppressive hardship such as might render the ordinance an arbitrary and unwarranted interference with property rights and therefore inapplicable under the doctrine of such cases as Nectow v. Cambridge, 277 U.S. 183, Pittsfield v. Oleksak, 313 Mass. 553, 122 Main Street Corp. v. Brockton, 323 Mass. 646, and Barney & Carey Co. v. Milton, 324 Mass. 440. There is nothing to show that peculiar significance should be attached to the division of the premises. Any existing use in any part of them was preserved.
The state of the record is such that we ourselves ought not to attempt to make the findings necessary to a final decision. There should be a rehearing.
Decree reversed.