City of Beatrice, Nebraska, a municipal corporation, appellee, v. Elmer L. Williams et al., appellants.

112 N. W. 2d 16

Filed December 8, 1961. No. 35056.

*Max G. Towle* and *Carl H. Peterson*, for appellants.

*Ann P. Carstens*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action brought by the City of Beatrice, a city of the first class, plaintiff, against Elmer L. Williams and Maxine C. Williams, defendants, in the district court for Gage County, the purpose of the action being to require the defendants to remove a part of a building which had been built in violation of the zoning ordinances of the city, and to enjoin the defendants from operating and conducting a business thereon. The trial court found that a building permit dated April 20, 1950, was a valid building permit; that a building permit dated April 25, 1956, was a valid building permit; that the north line of the defendant's property is the front line of such property; that the setback requirement under the ordinances of the city requires the defendants' building to be set back 20 feet from the north property line of the defendants' property; that the defendants knowingly violated the 20-foot setback provision of the city ordinance on the property owned by them and said building extends north beyond the setback line; that the defendants should be required, within 30 days of the date of the judgment, to remove all that portion of the building which extends north of the setback line; and that the defendants should be forever and perpetually enjoined from using any area north of said 20-foot setback line for business purposes of any kind or nature. Judgment was rendered in accordance with the findings.

The defendants filed a motion for new trial which was overruled. The defendants perfected appeal to this court.

The plaintiff's petition, insofar as necessary to be considered, claims that the defendant Elmer L. Williams, during July 1957, built an addition onto the northeast side of an existing building in violation of the setback requirements contained in the city ordinances, and prayed that the defendant be required to remove that part of said building which was constructed in violation of the city ordinances, and be enjoined from the operation of the business thereon.

The defendants, by amended answer to the plaintiff's petition, denied each and every allegation contained therein, and alleged that they were issued a building permit by the city clerk on April 20, 1950; that subsequent thereto they were issued another building permit by the city clerk on April 25, 1956; that pursuant to the latter building permit the defendants, on or about July 15, 1957, built an addition onto the northeast side of the existing building as provided for under said building permit; and that the plaintiff was estopped both by law and equity from proceeding further in the case.

The plaintiff, by reply, denied each and every allegation of the defendants' amended answer except that on or about July 15, 1957, the defendants built an addition onto the northeast side of the existing building.

The defendants' assignment of error is that the judgment of the trial court is contrary to the evidence and the law.

On July 13, 1948, Kyles and Wright subdivision was made a part of the city of Beatrice. The proceedings with reference to the defendants erecting a building to operate a drive-in lunch and soft drink business on the property purchased by them in such subdivision met all of the requirements of the city ordinances and the building permit at that time, which was on about April 20, 1950.

The record shows that the defendants' building is in a residential district of the city. The record also shows that on April 25, 1956, an application was filed by Elmer

L. Williams to provide for an addition to his place of business called the Rancho, on the southeast side of the original building, of a size of 15 x 24 feet, with the distance in feet of the front of the building from the front lot line indicated as "No change," and the address given as 2005 East Court Street. The addition actually constructed was 25 x 28 feet.

On April 25, 1956, a building permit was issued to Elmer L. Williams to construct an addition to his original building. The size of the addition was to be 15 x 24 feet, located on the north 150 feet of the west 150 feet of Block 2, Kyles and Wright subdivision, at 2005 East Court Street. This permit was granted on the express condition that Elmer L. Williams, in the erection of said building, should conform in all respects to the ordinances of the city of Beatrice regulating the construction of buildings in said city, and might be revoked at any time upon the violation of any of the provisions of said ordinances. The estimated cost of said addition was $500, and the completion date was to be on or before June 1, 1958.

George R. Miller was employed by the city in 1957 as general manager of the board of public works. He testified that during the summer of 1957, he went with the mayor of the city to investigate a reported violation by the defendants relating to the use of their property, and while on the defendants' property he observed an excavation north and east of the original building for footings which extended the building; and that he made an estimate of the extension with reference to the 20-foot setback requirement and determined that this construction extended considerably into the setback as provided by the ordinances of the city. In a conversation it was pointed out to Elmer L. Williams that a minimum setback of 20 feet was required in a residential district and that the construction he was doing was in violation of that requirement. It was suggested by this witness, and perhaps the mayor of the city, that the

best thing for Williams to do would be to observe the present setback and build the building due east, and not to the north, because if he proceeded to build in the manner in which he was building, he would be in violation of the setback requirement, and the best thing to do was to stop such construction.

On cross-examination this witness testified that Court Street, running east and west north of the Williams property, was one of the main thoroughfares of the city and a regular highway; and that he took no action to stop the construction and made no report to the city council.

Allen Davison testified that in 1957 he was the mayor of the city and was generally responsible for the enforcement of the city ordinances; that he went to the defendants' property, listed and designated as 2005 East Court Street, in the summer of 1957, in response to a report relating to a violation of the city ordinances; that he observed that Elmer L. Williams had a trench excavated and a cement base for putting in concrete blocks; that at that time it looked to him as if a violation of the city ordinances had been committed; and that he advised Mr. Williams that he thought Williams was in violation of the city ordinance relating to the setback line and should not proceed with the construction until he found out for sure. This witness was not sure as to whether or not Mr. Williams had violated the setback provided for by the ordinances, and he later went back to the defendants' property with Mr. Miller, and advised Mr. Williams to get at least on or back of the setback line, and that he would have to go further south to do that.

On cross-examination this witness testified that the building permit did not authorize the defendants to build to the north on their property; and that he objected to the defendants building to the north.

The testimony of the defendant Elmer L. Williams was to the effect that he informed both Miller and

Davison, the mayor of the city, that his frontage was on Twentieth Street, which runs north and south; that he, in constructing the addition to his original building, obeyed all of the ordinances of the city relating to the setback from the property lines; that he had heard nothing about this matter until the city started this action; that his addition to the original building was started in July 1957 and completed in September 1957; and that the contractor and the workmen worked on the addition during the daytime for that period of time.

There is also evidence to the effect that George R. Miller, manager of the board of public works for the city, was in charge of building permits and of inspection of electrical wiring, plumbing, and buildings; and that in his line of work he traveled around the city of Beatrice and was aware of what was going on with reference to building. The evidence shows that George R. Miller went by the defendants' place of business infrequently; that during the construction of the addition to the defendants' original building he had no occasion to travel in that direction; and that he did not believe he passed the defendants' place of business more than once or twice during such construction.

The ordinances of the city which are involved herein are in substance as follows:

Ordinance No. 4-401 provides that any person or persons intending to construct an addition to a building in the corporate limits of the city shall, before proceeding with said work, file in the office of the city clerk a written application designating the kind of addition he intends to erect or make, materials of which the same is to be composed, and the legal description and location of the real estate, the part or portion of the real estate to be occupied by the addition, and the probable cost thereof.

Ordinance No. 13-301 provides that buildings and houses shall be numbered.

Ordinance No. 13-303 provides that it shall be the

duty of the city clerk to assign the proper numbers to the several buildings, and upon the erection of a new building to assign the proper number of said new building and to give notice to the owner or owners, occupant or occupants of the same.

In the instant case there is no question but that the original building constructed by the defendants, which fronted on East Court Street, was numbered 2005.

Ordinance No. 16-401 provides in substance that in the residence district no enclosure wall of any building shall be nearer than 20 feet from the street line on the front of any lot, and that no building hereafter erected or altered shall project beyond the setback line so established.

Section 19-913, R. R. S. 1943, provides that the proper local authorities of the municipality may institute appropriate proceedings to prevent unlawful erection, construction, reconstruction, alteration, repair, maintenance or use, to restrain, correct, or abate such violation, and to prevent any illegal act, conduct, business or use in or about such premises.

In McCavic v. DeLuca, 233 Minn. 372, 46 N. W. 2d 873, it was held that reasonable setback lines may be adopted by ordinance of a city. The court said: "Neither are plaintiffs estopped from now seeking equitable relief. Defendant claims that plaintiffs should be denied a mandatory injunction because they did not proceed expeditiously in preventing the completion of his building by obtaining a restraining injunction, and that it would now cause defendant undue hardship to remove the protruding portion of his building. * * * The building inspector for the city advised him that he could not build beyond the setback line. In his application for a permit, he stated that he would abide by the ordinances of the city. In spite of all these warnings and agreements, he proceeded to build into an area which he knew was forbidden ground. If there is any hardship caused by the enforcement of this ordinance, it

has been brought about entirely by defendant's stubborn insistence upon proceeding, in violation of the ordinance, in the face of protests and warnings by everyone who had a right to protest." The foregoing language is applicable to the case at bar.

In Boardman v. Davis, 231 Iowa 1227, 3 N. W. 2d 608, the court said: "It is uniformly held that ordinances have the same force and effect within the corporate limits as do laws passed by the legislature. McQuillin on Municipal Corporations, 2d Ed., 1939 Revision, Section 674. Therefore, the provisions of the ordinance will be presumed to have been known to defendants."

In 9 McQuillin, Municipal Corporations (3d ed.), § 26.215, p. 511, it is said: "The construction and effect of a building permit are determined by its terms and by the ordinance and law under which it is issued. * * * Statutory provisions and ordinances limiting what may be authorized by permit become part of the permit as effectually as if written into it."

The defendants raise the issues of estoppel and laches.

With reference to laches, in City of Everett v. Capitol Motor Transportation Co., Inc., 330 Mass. 417, 114 N. E. 2d 547, the court said: "As to the finding of laches, it is enough to say that the doctrine of laches has no application to the enforcement by a municipality of its ordinances. Lincoln v. Giles, 317 Mass. 185."

Ordinarily a municipal corporation cannot be estopped from enforcing a valid ordinance relating to setback lines. See, City of Raleigh v. Fisher, 232 N. C. 629, 61 S. E. 2d 897; Donovan v. City of Santa Monica, 88 Cal. App. 2d 386, 199 P. 2d 51; 8 McQuillin, Municipal Corporations (3d ed.), § 25.349, p. 855.

The term "street" is not confined to that portion of the public way which is devoted to vehicular traffic; it embraces everything from property line to property line. The defendants' contention with reference to the street being confined to vehicular traffic only is without merit under the above definition of a street.

From a review of the evidence and authorities, we conclude that the trial court's judgment was correct in all respects except by perpetually enjoining the defendants from the use of the north 20 feet of the property described above for business purposes of any kind or nature. The defendants are not permitted to have any building construction of any kind within 20 feet north of the setback line as provided by the city ordinances. However, the use of the north 20 feet shall not be denied to the defendants for parking purposes or other purposes relating to their business, except as heretofore stated.

We affirm the judgment of the trial court as modified, and remand the cause with directions to render judgment in conformity with this opinion.

AFFIRMED AS MODIFIED.