M.R.D. CORPORATION, A NEBRASKA CORPORATION, APPELLANT, V. CITY OF BELLEVUE, A MUNICIPAL CORPORATION IN THE STATE OF NEBRASKA, ET AL., APPELLEES.
240 N. W. 2d 46

Filed April 1, 1976. No. 40286.

Haney, Hansen & Katz, for appellant.

John E. Rice, for appellee City of Bellevue.

Heard before SPENCER, BOSLAUGH, and CLINTON, JJ., and FAHRNBRUCH and GRANT, District Judges.

FAHRNBRUCH, District Judge.

Appellant herein filed for injunctive relief to restrain appellees from proceeding with eminent domain proceedings to acquire 6.7 square feet of appellant's land. Appellant adduced evidence at trial and rested. The trial judge sustained a motion to dismiss appellant's case. We affirm.

Appellant, M.R.D. Corporation, first complains that appellee City of Bellevue, a municipal corporation in the State of Nebraska, did not give proper notice by publication of a city council meeting prior to the city council voting to acquire appellant's land. It is undisputed that appellant's president and its attorney participated actively on behalf of appellant at the city council proceedings. Where one appears at such a hearing and takes part in the proceedings, he cannot afterward complain that he did not receive notice in a legal manner. Richardson v. Frontier County, 94 Neb. 27, 142 N. W. 528. Appellant's first complaint is without merit.

Secondly, appellant complains that appellee City of Bellevue is attempting to condemn appellant's land for a walkway without authority.

The eastern terminus of Elm Street in the City of Bellevue forms a circular-type cul-de-sac. Running tangentially from the closed end of the cul-de-sac to the northeast is a walkway which has been dedicated to public use. The 6.7 square feet being condemned consists of two triangular parcels of land, one on each side of the walkway tangent point. The larger curved side of each of the triangles is approximately 10 feet long

and abut the cul-de-sac. The base of each triangle is 1.01 foot and runs in a tangent from the cul-de-sac. In short, appellee City of Bellevue is extending a portion of the right-of-way line of Elm Street at its eastern terminus.

Cities of the first class have the power of eminent domain for street purposes. § 19-709, R. R. S. 1943.

It makes no difference whether such extension in the instant case was for vehicular traffic or pedestrian traffic on a sidewalk adjacent to the portion of the street used for vehicular traffic. The word "street" as used in section 19-709, R. R. S. 1943, is a generic term. It includes the portion for vehicular traffic, the parkway, and the sidewalk. See Acton v. Wymore School Dist. No. 114, 172 Neb. 609, 111 N. W. 2d 368. See, also, Campbell v. Brandeis Investment Co., 121 Neb. 50, 236 N. W. 150; City of Beatrice v. Williams, 172 Neb. 889, 112 N. W. 2d 16.

The trial judge herein was correct on both the law and the facts.

The judgment of the trial court is affirmed.

AFFIRMED.