STANLEY J. HOTOVY, APPELLANT, v. TOWN OF ULYSSES TOWNSHIP, BUTLER COUNTY, NEBRASKA, ET AL., APPELLEES, FRANK P. KARPISEK ET AL., INTERVENERS-APPELLEES.

246 N. W. 2d 652

Filed November 10, 1976. No. 40536.

Robert L. Blevens of Blevens, Bartu, Blevens & Jacobs, for appellant.

James N. Norton, for appellees.

James M. Egr and William E. Tomek, for interveners-appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The issue on this appeal is the location of a township road constructed in 1872. The trial court found that the centerline of the road as presently constructed is the centerline of the road in question. The plaintiff has appealed.

The plaintiff is the owner of the northeast quarter of Section 30, Township 13 North, Range 2 East of the 6th P.M. in Butler County, Nebraska. The defendants are Ulysses Township and the members of the township board. The interveners are landowners in Sections 20 and 29. The road in question runs north and south between Sections 29 and 30 and along the west line of Section 20.

The action as commenced contained two causes of action. The first cause of action related to drainage as affected by the roads constructed along the north and east lines of the plaintiff's property. The plaintiff sought injunctive relief to compel improvement of the roads to restore natural drainage conditions. The issues involved in the first cause of action were resolved by stipulation between the parties and are not involved in this appeal. The second cause of action sought de-

claratory relief as to the location of the north and south road between Sections 29 and 30.

The facts are not in dispute. The road was established by the commissioners of Butler County pursuant to a petition filed March 28, 1872. The petition and notice described the location of the road as commencing at the southeast corner of Section 31 in Township 13 North "and running thence North on a line parallel with the Line between Range 1 & 2 East, following Section Lines as nearly as practicable" to the northeast corner of Section 31 in Township 16 North, all in Range 2 East of the 6th P.M. The petition was allowed by the commissioners on April 3, 1872. The statute then in effect provided a public road was to be 66 feet wide. Ch. 47, § 3, R. S. 1866.

A plat attached to the decree of the trial court indicates that at the northeast corner of Section 30, the centerline of the road as presently constructed coincides with the line between Sections 29 and 30. At the southeast corner of the northeast quarter of Section 30 the centerline of the road as presently constructed is approximately 56 feet west of the line between Sections 29 and 30. The result is that at the south line of the plaintiff's property the road as presently constructed is located wholly upon the plaintiff's property.

The plaintiff's theory is that the centerline of the road which was established in 1872 was the section line between Sections 29 and 30. However, there is no evidence which shows that the road as constructed in 1872 actually followed the section line.

The petition and notice stated only that the road should follow section lines "as nearly as practicable." The stipulation recites that the road has been located in its existing position for more than 10 years last past. The petition of the interveners, Mary S. Klein and Maurice Klein, alleged that the road and the fence line along the west side of the northwest quarter of Section 29 have been in their present locations since 1927.

There is no evidence that the road was established or ever located in any other place than its present location.

It is not essential that a public road be laid out upon the exact line prayed for in the petition, and slight variations in order to procure a more practicable route are permissible. Richardson v. Frontier County, 94 Neb. 27, 142 N. W. 528. See, also, Brandt v. Olson, 79 Neb. 612, 113 N. W. 151, on rehearing, 79 Neb. 617, 114 N. W. 587; State ex rel. Draper v. Freese, 147 Neb. 147, 22 N. W. 2d 556.

The fact that there may be no obstruction on the land, apparent at this time, to explain why the road was established in its present location is not controlling. What is controlling is the fact that so far as the record discloses, the road has always been in this location.

The judgment of the District Court is affirmed.

AFFIRMED.