ROY MEIERHENRY AND JOSEPH ERMAN, APPELLEES, V.
WAYNE SMITH, APPELLANT.

302 N.W.2d 365

Filed February 20, 1981.  No. 43079.

Daniel W. Ryberg for appellant.

Philip H. Forehead for appellees.

Heard before KRIVOSHA, C.J., McCOWN, BRODKEY, and HASTINGS, JJ., and STUART, District Judge.

STUART, District Judge.

Plaintiffs and appellees (owners and residents in Royalwood Estates, a residential subdivision in Douglas County, Nebraska) brought this action for injunctive relief. After trial, the District Court enjoined the defendant and appellant (a neighboring owner and resident) from having a free-standing 40-foot CB radio antenna on his lot.

Protective covenants on all parties' property provided in part: "No outside radio, television or other electronic antenna or aerial shall be erected on any building plot without the written consent of the undersigned." Defendant attempted to obtain permission from the developer to construct this antenna. Although a letter was written by the developer, this letter did not give such permission.

Defendant showed that over one-fourth of the landowners in the development had erected and maintained roof-mounted TV antennas, and thereupon argues that plaintiffs are estopped to complain about this violation.

The right to enforce restrictive covenants may be

lost by waiver or acquiescence of violation of the same. However, the circumstances of each case control whether there has been such a waiver or acquiescence.

"The criteria for determining this includes whether those seeking to enforce the covenants had notice of the violation and the period of time in which no action was taken; the extent and kind of violation; the proximity of the violations to those who complain of them; any affirmative approval of the same; whether such violations are temporary or permanent in nature; and the amount of investment involved.

"'As a rule, nonobjection to trivial breaches of a restrictive covenant does not result in loss of the right to enforce the covenant by injunction, and acquiescence in violations * * * which are immaterial and do not affect or injure one will not preclude him from restraining violations thereof which would so operate as to cause him to be damaged. . . .' 20 Am Jur. 2d, Covenants, Conditions, etc., s. 274, p. 835." *Pool v. Denbeck,* 196 Neb. 27, 34, 241 N.W.2d 503, 507 (1976).

We conclude that plaintiffs' failure to complain about the construction of roof-top TV antennas does not estop them from preventing the maintenance of a 40-foot free-standing CB radio antenna.

Defendant next argues that injunction is too harsh a remedy, particularly when others are permitted to continue their violations. However, defendant was aware of the restrictive covenants prior to purchasing his home. He knew he had not received permission to erect the antenna tower and knew that the neighbors were upset. In spite of this knowledge, defendant took the chance of erecting his antenna tower. "Injunction is a proper remedy to prevent violation of a restrictive covenant. A remedy at law may be inadequate, may result in a multiplicity of actions, and may permit the subversion of the plan of improvement and development to continue." *Reed v. Williamson,* 164 Neb. 99, 82 N.W.2d 18 (1957) (syllabus of the court).

The judgment of the District Court issuing a man-

datory injunction directing the removal of the antenna is affirmed.

AFFIRMED.

BRODKEY, J., concurs in result.

KRIVOSHA, C.J., dissents.