COUNTY OF KNOX, APPELLANT, V. CITY OF CREIGHTON, APPELLEE.

333 N.W.2d 395

Filed April 29, 1983.  No. 82-312.

Steven A. Scholer, Knox County Attorney, and, on briefs, John Thomas, former Knox County Attorney, for appellant.

Frank Roubicek, City Attorney, for appellee.

McCOWN, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

PER CURIAM.

The County of Knox, plaintiff in the court below, appeals from the order of the trial court dismissing its amended petition against the defendant-appellee, City of Creighton, on the ground the petition fails to state a cause of action. We reverse.

The operating factual allegations of the county's petition state: It is the agency properly entrusted with the responsibility of enforcing the city's zoning and development regulations; the city was denied the building permit for which it had applied; but the city nonetheless erected a large industrial storage building for the storage of machinery and tools in a manner and place such as to violate its own zoning and municipal development regulations. The petition prays for injunctive relief, including correction of the violation and prevention of the "unlawful use of the land." The city demurred on the ground that the petition fails to state a cause of action. The county elected to not plead further; as a consequence, its amended petition was dismissed and this appeal followed.

For purposes of determining the sufficiency of a petition to state a cause of action, we must accept as true all facts well pleaded, but we do not accept as true facts not well pleaded, nor do we accept as true conclusions of law or of the pleader. *Roadrunner Development v. Sims*, 213 Neb. 649, 330 N.W.2d 915 (1983).

The city appears to proceed on the basis either that the county's petition establishes on its face that the erection and use of the building in question is within the city's power of eminent domain or that a city may never be subject to its own zoning and development regulations, and, therefore, the petition

fails to state a cause of action. The city's assumptions are not correct.

It is true that *Witzel v. Village of Brainard*, 208 Neb. 231, 302 N.W.2d 723 (1981), holds that a municipality having the power of eminent domain is not subject to its own zoning ordinances with respect to governmental projects for the construction of which it has the power to condemn. Since the municipality in *Witzel* already owned the land in question, it is the power to condemn which is deemed important, not the exercise thereof. Also, *Seward County Board of Commissioners v. City of Seward*, 196 Neb. 266, 242 N.W.2d 849 (1976), holds that a county's zoning ordinances do not apply to a city and its airport authority seeking to condemn land to devote to a nonconforming use as an airport inasmuch as the power of eminent domain is inherently superior to the exercise of the power to zone. In both of those cases the power of eminent domain existed and the governmental bodies involved were held to be immune from zoning ordinances on that ground. That is not to say, however, either that there are no other grounds upon which to exempt governmental bodies from their own zoning ordinances or that they are always necessarily exempt therefrom. A number of bases for exempting governmental entities from zoning regulations exist. Among these are the concept of sovereign immunity or preemption; or that the use is in furtherance of a governmental, as distinguished from a proprietary, purpose; or that upon a balancing of interests, an exemption better serves the public. 4 Rathkopf, The Law of Zoning and Planning Ch. 53 (4th ed. 1956); 82 Am. Jur. 2d *Zoning and Planning* §§ 149-51 (1976).

The county's petition does not on its face establish that the city has the power to condemn the land and erect thereon the structure in question. It cannot be said, therefore, that it fails to state a cause of action under the rule applied in *Witzel* and *Seward County*, *supra*.

Whether the county's cause of action as pleaded is subject to the defense that the city is immune from its own zoning ordinances because the use is within its power of eminent domain, or some other defense, we cannot anticipate. Neither is it necessary for us to determine at this stage whether a governmental entity is always, under any and all circumstances, exempt from its own zoning and planning ordinances.

Nor is the city correct in arguing that no cause for injunctive relief has been stated because the building has, as the petition shows, already been erected and injunctive relief is therefore not available. When there is clear proof of its necessity and practicability, a mandatory injunction may be granted. *Boschulte v. Elkhorn River Drainage District*, 102 Neb. 451, 167 N.W. 730 (1918), *reh'g denied*, but opinion corrected with regard to unrelated issue, 102 Neb. 451, 169 N.W. 240. See, also, *Meierhenry v. Smith*, 208 Neb. 88, 302 N.W.2d 365 (1981), holding injunction to be a proper means of preventing the maintenance of a free-standing CB radio antenna in violation of a restrictive covenant; *City of Sidney v. Lieberman*, 178 Neb. 755, 135 N.W.2d 452 (1965), affirming an injunction to prevent a particular use; *City of Beatrice v. Williams*, 172 Neb. 889, 112 N.W.2d 16 (1961), holding it to be proper, under statutory authority, to require removal of part of a building which had been built in violation of setback requirements; *City of Lincoln v. Foss*, 119 Neb. 666, 230 N.W. 592 (1930), enjoining a particular use. It should be noted, however, that if the erection and use of the structure in question were found to be within the city's power of eminent domain, an injunction would not lie. See *Danish Vennerforning & Old Peoples Home v. State*, 191 Neb. 774, 217 N.W.2d 819 (1974), holding that when the power of eminent domain applies, the appropriate remedy is damages, not injunctive relief.

We conclude the trial court erred in sustaining the

city's demurrer and in dismissing the county's petition. The matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.