REQUESTED BY: G. C. Strobel, Director — State Engineer Nebraska Department of Roads
Is the State Department of Roads subject to the requirements of local building codes?
No.
You have asked us whether the State of Nebraska, Department of Roads, must design and construct its buildings in accordance with the requirements of local building codes, including permit, inspection and licensing requirements. We believe that the Department is not subject to the requirements of local building codes.
This office has previously concluded that certain governmental buildings are exempt from local building regulations. In 1967-1968 Report of Attorney General, No. 32, Page 44, the Attorney General concluded that school districts are not required to obtain building permits or pay permit fees to a county. In 1965-1966 Report of Attorney General, page 108, the Attorney General concluded that State fairground buildings would not be subject to the City of Lincoln building codes if the fairgrounds were annexed into the City.
The general rule cited in support of these conclusions is found in 62 C.J.S., Municipal Corporations § 157, pp. 319-320, and is stated as follows: Property of the State is exempt from municipal regulation in the absence of waiver on the part of the State of its right to regulate its own property; and such waiver will not be presumed.
See, also, 101A C.J.S., Zoning and Land Planning § 108, pp. 388-391; 82 C.J.S. Statutes, § 317, pp. 554-558, 2 Anderson, American Law of Zoning § 12.06 p. 493 (1976).
The above rule requires the legislature to expressly waive the State's right to regulate its own buildings before the State is subject to local building codes. We have examined all pertinent legislation, and with the exception of the State Building Code, we find no express waiver of the State's right to regulate the design and construction of its own buildings.
The legislature has given each county, city and village the power to enact ordinances adopting a building code, an electrical code, a plumbing code, and a fire prevention code, Neb.Rev.Stat. § 23-172 (Reissue 1987) (counties), § 18-132 (Reissue 1987) (cities and villages). See also, Neb.Rev.Stat. § 14-419, 15-905,19-922 (Reissue 1987). In 1987, however, the legislature enacted the Building Construction Act, Neb.Rev.Stat. § § 71-6401 to 71-6407 (1988 Cum. Supp.). The Building Construction Act created a State Building Code and adopted by reference, as a part of that code, both the Uniform Building Code, 1985 edition, Chapters 1, 4 through 54, and 60, and the Uniform Building Code Standards, 1985 edition. Neb.Rev.Stat. § 71-6403 (Cum. Supp. 1988). The State Building Code specifically applies to all buildings and structures owned by the State or any State agency. Neb.Rev.Stat. § 71-6404 (1988 Cum. Supp.) The legislature has expressed an intent in this Act that State buildings be subject to only one building code. Local building codes are preempted by this specific legislation, and therefore, the State is not subject to the requirements of local building codes.
The State Building Code, however, does not include requirements concerning plumbing, electrical, and fire prevention standards. A question therefore remains regarding whether the legislature expressly waived the State's right to regulate these aspects of building design and construction. The legislature has enacted the State Electrical Act which is applied by the State Electrical Division, Neb.Rev.Stat. § 81-2101 to 81-2145 (Reissue 1987). The State Electrical Board is empowered to:
 adopt and revise rules and regulations necessary to enable it to carry into effect the provisions of the State Electrical Act and, in adopting such rules and regulations, the board shall be governed by the minimum standards set forth in the National Electrical Code. . . .
Neb.Rev.Stat. § 81-2104. The act provides for county, city or village inspection, if such jurisdiction's electrical code is at least as stringent as the provisions of the State Electrical Act, Neb.Rev.Stat. §81-2125. Unlike the State Building Code, there is no section of the State Electrical Act that specifically makes its requirements applicable to State-owned buildings. Therefore, the State Electrical Act does not apply to State-owned buildings.
The legislature has also provided for local plumbing inspection in Neb.Rev.Stat. § 18-1901 to18-1920 (Reissue 1987). This legislation created local plumbing boards and empowered them to provide for licensing, permit fees and inspections. There is no section of this act that specifically makes its requirements applicable to State-owned buildings. Therefore, the provisions of § 18-1901 et seq. do not apply to State-owned buildings.
The legislature has not expressly provided that State buildings are subject to the requirements of local building codes. Therefore, according to the Corpus Juris Secundum citation set out at the beginning of this opinion, the State is immune from local building codes. In arriving at this conclusion, we have also examined Nebraska case law.
There are no cases in Nebraska that discuss the specific question of the applicability of local building codes to State buildings. There have been, however, three cases that involved the applicability of local zoning regulations to governmental projects. First, in Seward County Board of Commissioners v. City of Seward, 196 Neb. 266,242 N.W.2d 849 (1976), the court decided that the City of Seward and the Seward Airport Authority were not subject to the zoning regulations of Seward County. The court stated:
It has frequently been stated that the power of eminent domain is inherently superior to the exercise of the zoning power, and that the grant of eminent domain power to a governmental unit renders the unit immune from zoning regulation.
Seward County, 196 Neb. at 274, 242 N.W.2d at 854.
Second, in Witzel v. Village of Brainard, 208 Neb. 231,302 N.W.2d 723 (1981), the Village of Brainard sought to build a fire station in an area not zoned for that use, and to construct the fire station building in violation of the building setback requirements. A neighbor sued the village to enjoin the construction, the trial court dismissed the neighbors petition, and the neighbor appealed. The Supreme Court noted that it had previously adopted the eminent domain rule of exemption in Seward County and explained the rule as follows: `The view has gained some ascendancy that zoning ordinances are inapplicable to governmental projects for the construction of which the agency in question has the power to condemn or appropriate lands by the power of eminent domain. The courts supporting this view have, at least tacitly, reasoned that the power of eminent domain is superior to the zoning power, and that a political subdivision with mere zoning authority should not be permitted to prevent or place limitations upon a public use of property in the furtherance of which a governmental entity has been clothed with condemnation power by the state legislature.'
Witzel, 208 Neb. at 233, 302 N.W.2d at 725, citing 82 Am.Jur.2d Zoning and Planning § 152 at 636-637 (1976). The court affirmed the trial court and held that the village was not subject to its own zoning regulations.
Third, in County of Knox v. City of Creighton, 214 Neb. 196,333 N.W.2d 395 (1983), the county filed a petition for injunctive relief to keep the city from constructing a large industrial storage building in an area where such use was not allowed by the city zoning code. The county was responsible for enforcing the city zoning code. The city demurred to the petition and the district court dismissed the petition. The Nebraska Supreme Court reversed the order of the district court:
The county's petition does not on its face establish that the city has the power to condemn the land and erect thereon the structure in question. It cannot be said, therefore, that it fails to state a cause of action under the rule applied in Witzel and Seward County, supra. County of Knox, 214 Neb. 198, 333 N.W.2d at 396. In reaching its conclusion, the court discussed Seward County and Witzel: In both of those cases the power of eminent domain existed and the governmental bodies involved were held to be immune from zoning ordinances on that ground. That is not to say, however, either that there are no other grounds upon which to exempt governmental bodies from their own zoning ordinances or that they are always necessarily exempt therefrom. A number of bases for exempting governmental entities from zoning regulations exist. Among these are the concept of sovereign immunity or preemption; or that the use is in furtherance of a governmental, as distinguished from a proprietary, purpose; or that upon a balancing of interests, an exemption better serves the public.
County of Knox, 214 Neb. at 198, 333 N.W.2d at 396.
The Nebraska Supreme Court has, in these three cases, recognized a governmental immunity from zoning ordinances. Building codes, like zoning regulations, are an exercise of the police power. 1 Anderson, American Law of Zoning § 3.06, p. 83 (1976). The State of Nebraska, Department of Roads, is empowered to acquire property by eminent domain for highway purposes. Neb.Rev.Stat. § 39-1320
(Reissue 1988). The Department has statutory power to design and construct its buildings. Neb.Rev.Stat. §39-1355 (Reissue 1988). These two statutory powers are preeminent and in light of the three zoning cases discussed above, compel us to conclude that the Department is not subject to the provisions of local building codes.
This conclusion is consistent with the holding of the Michigan Court of Appeals in County of Marquette v. Board of Control of Northern Michigan University, 111 Mich. App. 521,314 N.W.2d 678 (1981). The County of Marquette was granted an injunction against the construction of student housing until the University complied with the requirements of the State Construction Code. The Michigan Court of Appeals reversed the trial court and held that the State Construction Code does not apply to state university buildings. The court stated as follows:
 There seems to be little question but that the State Construction Code was enacted under the state's police power. It is equally clear that even if a law is enacted under the state's police power it does not apply to the state unless it is very clear that the Legislature intended it to apply to the state and its agencies. Citations omitted. Nor can there be any dispute that for purposes of statutory construction state universities are agencies of the state. Citations omitted.
The court stated that the legislature empowered the University Board of Control with authority to acquire land, and erect and maintain buildings, with legislative approval. County of Marquette, 314 N.W.2d at 679-680. The court cited by analogy a Michigan case in which the State Corrections Department was held to not be subject to a zoning act. County of Marquette, 314 N.W.2d at 680. The court stated with approval the following principle that came out of the corrections case:
 If one act establishes a state agency's exclusive jurisdiction over certain subject matter and a second act of general application does not state whether it applies to the agency in question, the second act does not apply to that agency.
County of Marquette, 314 N.W.2d at 680. The holding of this case is consistent with our conclusion that the Nebraska Supreme Court would extend Seward County, Witzel, and County of Knox to hold that the State Department of Roads is not subject to local building codes unless the legislature has specifically made such codes applicable to State buildings.
For the reasons cited above, we believe that the Nebraska Department of Roads is immune from the requirements of local building codes.
Sincerely,
ROBERT M. SPIRE Attorney General
Jeffery T. Schroeder Assistant Attorney General