REQUESTED BY: James S. Jansen, Douglas County Attorney
QUESTION PRESENTED:
Is a person who purchases a handgun in the city of Omaha required to comply with both the relevant Omaha ordinances (Omaha, Neb., Code art. VII, § 20-191 to 20-256) and registration requirements of Nebraska law (Neb.Rev.Stat. § SEC 2401 to 69-2425 (Supp. I 1991))?
RELATED
Is a non-resident of Omaha exempt from the purchase permit requirements of the Omaha City Code when purchasing a handgun within the Omaha city limits, if such non-resident complies with the state law?
ANSWER: Yes.
ANSWER: No.
You have requested an opinion concerning the applicability of state gun control statutes to persons within the city of Omaha. The Omaha ordinances relating to gun control are found in Omaha, Neb., Code art. VII, § 20-191 to 20-256. Section 20-200 restricts the sale of handguns, stating, "It shall be unlawful for any person to sell or rent a concealable firearm to any person who has not obtained a written permit from the chief of police as provided for in this article." Section 20-251 goes on to restrict possession of such weapons, stating, It shall be unlawful for any person to own, have possession of or maintain control over any concealable firearm which has not been registered to said person with the chief of police in accordance with this division except when such possession or control is with the knowledge and express consent of the person in whose name such concealable firearm is registered.
The state law on the subject does not restrict possession, but does require registration before a handgun can be transferred from one party to another. Neb.Rev.Stat. § 69-2404 (Supp. I 1991) provides, "Any person desiring to purchase, lease, rent or receive transfer of a handgun shall apply with the chief of police or sheriff of the applicant's place of residence for a certificate. . . ."
The Legislature set forth its intent concerning the effect of the state law on existing city ordinances in Neb.Rev.Stat. § 69-2425 (Supp. I 1991). This section states, "Any city or village ordinance existing on September 6, 1991, shall not be preempted by sections 69-2401 to69-2425." (Emphasis added). Interpretation of this section is the focus of disagreement between yourself and the Omaha City Attorney. It is your opinion that persons in Omaha must comply with both the state law and the municipal ordinances. Your office interprets "shall not be preempted" as preserving the enforceability of the existing city ordinances, but not exempting persons in Omaha from the requirements of state law. The City Attorney, on the other hand, interprets "shall not be preempted" to mean that the state gun control law in question does not apply at all within the Omaha city limits. In other words, the City Attorney asserts that persons in Omaha are exempt from the provisions of § 69-2401 to 69-2425. As such, the disagreement can be reduced to consideration of the meaning of "preempt" as used in § 69-2425.
Most commonly, "preemption" is used to describe the doctrine adopted by the U.S. Supreme Court whereby certain matters are found to be of such a national character that federal laws preempt, or take precedence, over state laws. In Free v. Bland, 369 U.S. 663 (1962), the Court held that federal law takes precedence when the federal statute's language expressly or implicitly reflects such an intent. Id. at 670. Also, federal law takes precedence where the state law and the federal law are so inconsistent that the state law interferes with the objectives of Congress. Id. at 666. Other courts have called for a more precise use of the word. The court in Ex parte Hovermale, 636 S.W.2d 828, 831
(Tx.Ct.App. 1982) examined Free and asserted that the second scenario does not actually represent an instance of "preemption", but simply a case of federal law "overriding" the state law by virtue of the Supremacy Clause.
Preemption in the area of state and local law was considered in Detroit v. Recorder's Court Traffic and Ordinance Judge, 304 N.W.2d 829, 836-37 (Mich.Ct.App. 1981), where the court explained,
 "Preemption and conflict are separate doctrines. Preemption provides that an ordinance may not invade a field completely occupied by state statute. Where the statute has preempted, the ordinance is void irrespective of conflict. Conflict doctrine invalidates ordinances actually in conflict with the state law where the entire area has not been preempted. . . ."
. . . .
 ". . . . Preemption is said to occur where there is legislative intent to regulate an entire area and an ordinance conflicts with this intent."
In Hutchcraft Van Service, Inc. v. Urbana Human Relations Comm'n, 433 N.E.2d 329, (Ill.App.Ct. 1982), an Illinois court offered a similar definition of preemption which is quoted in Black's Law Dictionary p. 1177, (6th Ed. 1990). The court stated, "As applied to state versus local action, preemption means that where the legislature has adopted a scheme for regulation of a given subject, local legislative control over such phases of the subject as are covered by the state legislation ceases."433 N.E.2d at 332. This definition does not imply that where there is no preemption, the local law applies exclusively. As illustrated in Illinois Liquor Control Comm'n v. Joliet,324 N.E.2d 453 (Ill.App.Ct. 1975), both laws apply. In Joliet, the State had passed a statute setting the minimum drinking age at nineteen. Subsequently, the city enacted an ordinance setting the drinking age at twenty-one. The state statute was silent as to preemption and the court found no evidence of an intent to preempt. As such, the court held that the ordinance was not preempted by state law and allowed both the state law and the ordinance to coexist. Id. at 457-58.
Based on the above, your position appears to be the correct interpretation of § 69-2425. "Preempt" seems only to encompass the question of whether or not local law on the subject is valid and enforceable in light of the state regulatory scheme. None of the courts which have considered "preemption" have questioned the applicability of state law. That issue is outside the scope of "preemption". Where local law is preempted, only the state law is enforceable. Where local law is not preempted, both laws remain in force.
The position of the City Attorney is more consistent with the concept of "exemption". While "preemption" focuses on whether or not one set of laws takes precedence over another, "exemption" involves the more basic question of whether a statute applies to a particular group at all. Black's Law Dictionary p. 571 (6th. Ed. 1990) defines "exempt" as, "To relieve, excuse, or set free from a duty or service imposed upon the general class to which the individual exempted belongs; as to exempt from military service." The Nebraska Supreme Court adopted a similar definition in Koenig v. Omaha Northwestern R.R. Co., 3 Neb. 373, 380
(1874), where the court defined "exemption" as, "an immunity, freedom from any service, charge, burden, taxes, etc. to which others are subject." Had the Legislature provided that citizens of Omaha purchasing firearms in Omaha "shall be exempt from the provisions of sections 69-2401 to69-2425," the position of the City Attorney would be correct. Persons in Omaha would be released from the burden of compliance with state registration requirements. The state law would not apply in Omaha or in other cities with existing gun control ordinances.
In fact, however, the Legislature chose the phrase, "shall not be preempted." Rather than exempting Omaha from the application of state law, the Legislature merely provided that existing ordinances would not be preempted, or cancelled out, by the state law. The statutory language itself supports this view. Section 69-2425 states only that the state law shall not preempt. It does not say that the state law does not apply. As such, § 69-2425 cannot be interpreted to mean that state registration requirements do not apply in Omaha. The section preserves the effect of existing local ordinances without affecting the application of state law.
It should be noted that by providing that state law shall not preempt ordinances existing before September 6, 1991, the statute contains a negative inference that state law does preempt or "occupy the field" as against all future municipal legislation.
Concurrent application of the Nebraska handgun registration laws and the Omaha ordinances raises another issue. If both laws are to apply, it must be determined whether there is a conflict between them which would make their concurrent application impossible. This issue is governed by Neb.Rev.Stat. § 14-102.01 (Reissue 1991) which authorizes cities of the metropolitan class (over 300,000 inhabitants) to make ordinances which are not inconsistent with the general laws of the state.
The test for inconsistency in Nebraska can be found in Bodkin v. State, 132 Neb. 535, 538, 272 N.W. 547, 548
(1937). In Bodkin, the court found inconsistent to mean, "contradictory in the sense of legislative provisions which cannot coexist, not mere lack of uniformity in detail." In State v. Kubik, 159 Neb. 509, 512, 67 N.W.2d 755, 758
(1954), the court adopted the test of Bodkin, adding that the court is obligated to harmonize the state and municipal enactments to the extent legally possible. In Kubik, the court found that there was a conflict. The liquor statute in question exempted persons possessing liquor for their own personal use. An Omaha ordinance made it unlawful for a person to keep liquor on his premises without being licensed. Based on the express exemption in the state law, the court found that the two could not co-exist and declared the ordinance unconstitutional. Id. at 513,67 N.W.2d at 758.
The court reached the opposite result in Phelps, Inc. v. Hastings, 152 Neb. 651, 42 N.W.2d 300 (1950). In this case, the state law allowed holders of a "Class D" liquor license to sell all liquors. A Hastings ordinance rendered it unlawful to sell both beer and other alcoholic liquors in the same room. The court held that, "A city with authority delegated to it to regulate a licensed business, not inconsistent with the licensing statute, may properly impose stricter regulations than the statute, without being inconsistent with such statute. This rule was cited with approval in a more recent case, Gas' N Shop v. Nebraska Liquor Control Comm'n., 229 Neb. 530, 538, 427 N.W.2d 784, 789
(1988).
As in Kubik, the above rule is limited however, in that an ordinance cannot prohibit what the legislature has expressly permitted. In Arrow Club, Inc. v. Nebraska Liquor Control Comm'n, 177 Neb. 686, 131 N.W.2d 134 (1964), for instance, the court struck down a local ordinance which prohibited "bottle club" activities on Sundays. The state law in question expressly exempted bottle clubs from Sunday restrictions.
In the instant case, it does not appear that any of the provisions of the state statutes are inconsistent with the Omaha ordinances. The fact that the Omaha ordinances go beyond state law to restrict possession of handguns does not represent an inconsistency under Phelps. In addition, the Nebraska statutes do not expressly permit any activities which are restricted by the Omaha ordinances so as to fall under Arrow. As such, there is no conflict and persons in Omaha must comply with both the ordinances and the requirements of state law.
A final issue involves the question of whether a resident of another city is exempt from the requirements of the Omaha Code when purchasing a handgun within the city limits of Omaha. As discussed above, the existence of municipal ordinances on the subject does not affect the application of state law in Omaha. Likewise, the existence of state law does not exempt non-residents from compliance with the Omaha Code. This view is supported in 56 Am.Jur.2d Municipal Corporations § 407 (1971), which states,
 "An ordinance has the force of law, and like a statute, imposes an obligation regardless of any question of actual notice, or of constructive notice based upon opportunity for information, not withstanding the hardship that may sometimes result. It accordingly applies immediately upon going into effect, to all persons within the municipal limits, whether residents or strangers."
The Nebraska Supreme Court has adopted a similar approach. In City of Beatrice v. Williams, 172 Neb. 889, 896,112 N.W.2d 16, 20-21 (1961), the court stated, "It is uniformly held that ordinances have the same force and effect within the corporate limits as do laws passed by the legislature." Based on this statement, the court held that persons within a city are presumed to have knowledge of its ordinances. Id.
As in Williams, a nonresident purchasing a handgun in Omaha would be presumed to be aware of the city's ordinances. As such, nonresidents purchasing regulated firearms in Omaha, like residents of Omaha, must comply with both the state law and the municipal ordinances.
Respectfully submitted,
DON STENBERG Attorney General
William L. Howland Assistant Attorney General
APPROVED BY:
___________________________ Don Stenberg Attorney General